## 42466. SIEGEL v. 1156 WOODLAND, INC.

JORDAN, Judge. This case originated in Fulton Superior Court as an action by Mrs. I. M. Siegel against 1156 Woodland, Inc., for injuries allegedly sustained by the plaintiff on November 21, 1961, when she fell from the rear stoop of an apartment owned by the defendant while in the process of leaving the apartment in which she had been a visitor. After rulings on demurrers to the petition, the only allegation of negligence in the petition was "[t]hat defendant provided no railing or other type safety device on the rear of said stoop or porch in order to safeguard invitees from falls such as herein alleged." The case proceeded to trial before a jury, the jury found for defendant, and judgment was rendered

accordingly, from which plaintiff appeals subsequent to the overruling of her motion for new trial. *Held:*

1. The fourth enumerated error is substantially identical to the only special ground of the motion for new trial, and is directed to instructions of the court to the jury which limited the issue of negligence of the defendant to whether guardrails should have been placed on the stoop. There was no objection to the charge before the jury returned its verdict, but this case was tried prior to the effective date of the Appellate Practice Act of 1965. The clear tenor of the trial judge's instructions was to limit the issue of negligence of the defendant to the absence of guardrails on the rear of the stoop. The plaintiff based her entire case as to negligence solely on the phrase "no railing or other type safety device on the rear of said stoop or porch." Whatever "railing or other type safety device" the defendant may have failed to erect as an alleged negligent omission was necessarily qualified by the remainder of the phrase locating such device "on the rear of said stoop or porch." This conveys a mental image of the absence of some tangible barrier between the porch and the ground or driveway below, onto which someone could hold or otherwise be physically prevented from falling off the stoop. This is also consistent with the alleged fact, earlier in the petition, that "the aforementioned porch or stoop had no guardrails or *other similar devices* to separate the rear of the stoop or porch from the concrete drive below." The plaintiff's testimony further emphasizes her contention, for she states that the heel of one of her shoes caught in a depression (as to which negligence is not alleged) and that there was nothing at all to prevent her fall from the stoop, the size of which is not clear, onto the ground and driveway below, which she described as less than a foot below the stoop at one end (8″ in the petition) and three or four feet below at the other (3′ in the petition). We think the trial judge correctly apprised the jury of the issue as to negligence of the defendant and find no error in his instructions in this respect. In the absence of a timely written request instructions are sufficient which substantially cover the issue as made by the pleadings and the evidence. *Agnew v. Hamel*, 107 Ga. App. 221 (2) (129 SE2d 574).

2. The first three enumerated errors are identical to the general grounds of a motion for new trial. It is uncontradicted

from the evidence that the plaintiff, as an invitee on premises owned by the defendant, fell during daylight hours from a stoop of undetermined size in the rear of an apartment on which no guardrails or other barriers had been erected, to the ground below, a drop within a range of perhaps one to three feet, and sustained injuries as a result of the fall. This uncontradicted evidence, however, does not demand a verdict for the plaintiff. Whether the absence of a barrier was negligence, and whether this situation or other factors were the proximate cause of the plaintiff's injuries, including a permissible inference under the evidence that the plaintiff may have been negligent in failing to exercise proper care for her own safety, and thus was the author of her own misfortune, were issues for the jury to determine. See *Yeager v. Jacobs,* 111 Ga. App. 358 (141 SE2d 837). A verdict for either party being authorized, and no error of law appearing, this court on appeal will not disturb the jury determination in favor of the defendant and judgment in accordance therewith.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

ARGUED JANUARY 5, 1967—DECIDED FEBRUARY 9, 1967.

*Siegel & Lewis, Alvin N. Siegel,* for appellant.

*Neely, Freeman & Hawkins, Thomas H. Harper, Jr.,* for appellee.