47245.   FIRESTONE TIRE & RUBBER COMPANY
v. JACKSON TRANSPORTATION COMPANY.

SUBMITTED MAY 24, 1972—DECIDED JUNE 14, 1972.

*Martin, Snow, Grant & Napier, Charles M. Stapleton,* for appellant.

*W. F. Blanks, Jones, Cork, Miller & Benton, Carr G. Dodson,* for appellee.

CLARK, Judge. This appeal is by a seller of a truck tire from a verdict in favor of buyer for damages to a tractor-trailer combine resulting from a blowout of a right front tire.

The complaint was in two counts, one based on negligence and the other on the theory that the tire "was not adequate and safe or fit for the purpose for which it was manufactured or sold." As the evidence failed to present the requisite proof as to negligence, the court sustained a motion for a directed verdict for defendant as to this count. Accordingly, we are concerned only with the implied warranties contained in *Code Ann.* §§ 109A-2—314 and 109A-2—315. In addition to denying the material allegations of the complaint defendant's answer averred as a special defense that "it is not liable to plaintiff in any amount whatsoever in that the occurrence alleged in plaintiff's complaint resulted from an accident within the meaning of Georgia law for which this defendant cannot be held liable."

The evidence showed Jackson's purchase on December 23, 1968, of a Firestone transport truck tire from defendant's retail store, its placement on the right front wheel of Jackson's tractor, regular inspections of the tire by plaintiff including checks on May 31, 1969, the day of the trip during which the tire exploded and blew out. As a result the vehicle became uncontrollable, collided with another truck, and then careened off the highway where it overturned. The proof showed the tractor to be a total loss and the trailer to be repairable which repairs were made. The tire was recovered and introduced in evidence. It exhibited several. clues as to the cause of the blowout, there being an area of separation between the shoulder rubber and the cord body of the tire as well as a long diagonal cut on the tire. Jackson testified he had made a search of the area and found nothing on the highway and that he did not know the cause of the blowout.

The transcript reveals a battle between experts (two for plaintiff and one for defendant). Plaintiff's experts were of the opinion that a separation occurred within the tire from

defective workmanship which resulted in a weakness and caused the blowout. Defendant's expert disagreed, he being of the opinion the tire failure was due to its having received a penetrating cut across the cords from a sharp foreign object which weakened the tire to the point it was unable to carry its load and finally caused it to blow out.

The jury accepted the views of plaintiff's experts and returned a verdict for the $16,826.40, the exact amount sued for.

We have two questions for determination. These are: (1) Should the judge have included in his charge the legal principle of "accident" as contained in *Code* § 102-103 which was pleaded in the answer and as requested by defendant? (2) Was there an error in the charge as to the measure of damages because one item, the tractor, was a total loss?

■ Appellee contends that it would be inappropriate to permit the question of "legal accident" to be charged in a case based upon implied warranty which has a contractual connotation whereas the decided Georgia cases permitting the theory of accident to be considered by the jury have been in negligence actions. Some jurisdictions have held in accordance with this view. Latimer v. Sears Roebuck & Co., (5th Cir. 1960), 285 F2d 152 (86 ALR2d 307); Sterling Alum. Products v. Shell Oil Co. (8th Cir. 1944), 140 F2d 801; Whitely v. Webb's City (Fla.), 55 S. 2d 730; Hasson Groc. Co. v. Cook, 196 Miss. 452 (17 S2d 791). Others have regarded an action for implied warranty to be in tort. B. F. Goodrich Co. v. Hammond, (10th Cir. 1959) 269 F2d 501; Gosling v. Nichols, 59 Cal. App. 2d 442 (139 P2d 86); Greco v. S. S. Kresge Co., 277 N. Y. 26 (12 NE2d 557, 115 ALR 1020).

Georgia has in effect treated the implied warranty as a creature of statute, sui generis. Judge Hall pointed this out in *Wood v. Hub Motor Co.*, 110 Ga. App. 101, 104 (137 SE2d 674) when he stated that "The statutory implied warranty is 'an obligation that the law places on a party as a result of some transaction entered into'; it is not a contrac-

tual obligation. [Citations]." Judge Hall also went on to say that "Negligence is not an element of breach of warranty. If goods do not conform to the warranty, the warrantor's utmost care will not relieve him of liability." P. 105. Accordingly, this court cannot deal with the defense of "legal accident" in an implied warranty case as being based on either contract or tort.

What defenses are available against an alleged breach of warranty?[1] In *Jacobs Pharmacy Co. v. Gipson,* 116 Ga. App. 760, 762 (159 SE2d 151), this court said: "In an action predicated on breach of warranty, there is of course no defense per se of contributory negligence, but it is a jury question as to whether the injuries resulted from the breach, or whether the plaintiff's acts in using a drug contrary to the instructions on the package was so unreasonable as to be the sole proximate cause of her injuries."

Thus obviously a defendant may demonstrate in his defense that the product was in fact merchantable and fit for the purpose intended, or that if there was a deficiency in such regard there was no causal connection between the breach and the damages sued for, or that some other factor was the sole proximate cause of the damage.

Appellee recognizes as much but argues that "accident" is connected with the case only in the sense that it is inextricably interwoven with the matter of proximate cause; that the charge as given adequately protected the defendant's position in the premises.

The trial court charged: "Now you ladies and gentlemen have heard testimony in this case about the tread separating from the cord body of the tire in question. If you are unable to decide from the evidence submitted to you what caused such separation or if you determine there was no

---

[1] The jurisdictions are divided on the question of whether such defenses as contributory negligence and assumption of risk may be interposed in an action for personal injury, death or property damage resulting from an alleged breach of implied warranty. See Annot. 4 ALR3d 501.

defect in the tire caused by the manufacturer, then it would be your duty to end your deliberations and return a verdict for the defendant. On the other hand if you find there was a manufacturer's defect in the tire and this defect was the proximate cause or a contributing cause entering into the proximate cause of plaintiff's damages then you would find for the plaintiff in accordance with the measure of damages to be given you in this charge."

We are of the opinion, in view of the evidence and a proper application of the law that the defendant had the right to contend not only that the tire was not defective in the manner asserted but had the further right to demonstrate what in its view caused the occurrence, i.e., that the blowout was caused by running over a road hazard not impliedly warranted against or, stated otherwise, that the blowout was caused by an accident, unmixed with any breach of warranty by the defendant or breach of duty by plaintiff. Cf. *Cartey v. Smith,* 105 Ga. App. 809, 812 (125 SE2d 723); *Southern Express Co. v. Hughes,* 23 Ga. App. 224 (97 SE 860).

Not only does the evidence in this case with the conflict between experts as to causation indicate that the theory of "legal accident" should have been charged, but we are also influenced by a fact of life characteristic of our automobile age which was thus expressed in Shramek v. General Motors Corp., 69 Ill. App. 2d 72, 78 (216 NE2d 244): "The mere fact of a tire blowout does not demonstrate the manufacturer's negligence, nor tend to establish that the tire was defective. Blowouts can be attributed to myriad causes, including not only the care with which the tires are maintained, but the conditions of the roads over which they are driven and the happenstance striking of damaging objects." Such view was expressed by this court in *Cartey v. Smith,* 105 Ga. App. 809, 812, supra, in these cogent words: "Further, accident without negligence may on occasion result from road conditions."

With the issue of accident having been raised by the pleading and evidence, a timely written request to charge

thereon having been made and a timely exception having been taken to the failure to so charge, we must reverse for a new trial. "It is error to refuse to give a timely written request to charge upon a vital issue in the case, which is correct and adjusted to the evidence." *S. S. Kresge Co. v. Carty,* 120 Ga. App. 170 (1a) (169 SE2d 735); *Atlanta Coca-Cola &c. Co. v. Burke,* 109 Ga. App. 53 (3) (134 SE2d 909). "'It is the indisputable right of a litigant to have given in the charge a pertinent legal charge timely requested in writing.' *Summer v. Boyd,* 208 Ga. 207, 209 (66 SE2d 51). It is especially important that this right be recognized when the case is a close one under the evidence. [Citation]." *Harris v. Cates,* 105 Ga. App. 178, 181 (123 SE2d 703).

■ The proof shows that in addition to wrecker expenditures plaintiff's damages consisted of a tractor which was totally destroyed and a trailer which was considerably damaged but repaired with a loss of use thereof during the two-month period of repairs. The trial court charged the jury as follows: "Should you find for the plaintiff in this case, then I charge you that the measure of damages for injuries to a tractor and trailer resulting from a collision is the difference between the fair market value of the property before the damage and afterwards, but in a case where the owner has undertaken to make proper and necessary repairs in establishing such damage, it may include such proper and necessary expenses provided such items are the direct and proximate result of the collision and represent the reasonable value of such necessary material and labor and provided the aggregate of these amounts *together with hire on the tractor and trailer used while the damaged tractor and trailer was rendered incapable of being used* and the value of any additional permanent impairment does not exceed the value of the machine before—that is, the tractor and trailer before the injury with interest thereon." (Emphasis supplied.)

This charge was correct as to the repairable item, which was the trailer. *Lamon v. Perry,* 22 Ga. App. 248 (125 SE 907); *Lamb v. Landers,* 67 Ga. App. 588 (4) (21 SE2d 321);

*Padgett v. Williams,* 82 Ga. App. 509 (61 SE2d 676); *Ga. Grain Growers Assn. v. Craven,* 95 Ga. App. 741 (98 SE2d 633).

Such measure for ascertainment of damages to personalty does not apply where there is a complete destruction. In horse and buggy days the Supreme Court of Georgia was called upon to pass upon a charge made by Judge Richard H. Clark in *Atlanta Cotton-Seed Oil Mills v. Coffey,* 80 Ga. 145 (4 SE 759, 12 ASR 244). This jurisprudential giant[2] as Judge of the Superior Court of DeKalb County had instructed the jury that "whatever the horse would have made for hire during that time (from the time of the injury to his death), he would be entitled to recover." This was declared error in a unanimous Supreme Court decision which is binding upon the Court of Appeals. "The decisions of the Supreme Court shall bind the Court of Appeals as precedents." Art. VI, Sec. II, Par. VIII of the Constitution codified as § 2-3708.

This "horse and buggy" rule as to measure of damages for a complete destruction is succinctly stated in *Cooper v. Metropolitan Transit System,* 117 Ga. App. 764 (1) (161 SE2d 916): "In the plaintiff's action for damages for the total loss of his truck in a collision with the defendant's

_____

[2] Because of the recognized genius of Thomas R. R. Cobb who penned both the Constitution of the Confederate States of America and Georgia's Constitution of 1861 (McElreath, A Treatise on the Constitution of Georgia, § 96, p. 130), the contributions made by his fellow code commissioners, Judge Richard H. Clark and Athens Judge David Irwin, in creating Georgia's original codification are frequently overlooked. See "The History of the First Georgia Code" in 7 Ga. Bar Assn. Reports 144 (1890). Born in Effingham County, Judge Clark was admitted to practice in Savannah and in 1888 was elected as the first judge of the Stone Mountain Judicial Circuit. See "The Preparation and Adoption of the Code of 1863" by Justice Bond Almand, 14 Ga. Bar Jour. 161 (1951).

bus, the measure of damages is the difference between the market value of the truck immediately before and immediately after the collision."

In actuality, the difference in ascertainment of damages as between a total loss and a repairable vehicle serves to provide fair, reasonable, and adequate compensation for the injury inflicted in that the maximum recovery for a repairable automobile including loss of use may not exceed value before the injury. *Globe Motors, Inc. v. Noonan,* 106 Ga. App. 486 (127 SE2d 320); *Leggett v. Brewton,* 104 Ga. App. 580 (122 SE2d 469). This ceiling removes temptation for a party to seek to make a profit out of the unfortunate occurrence and at the same time makes him financially whole.

Because of the difference in the measure of damages between a totally destroyed vehicle and one which is repairable, the trial court erred in lumping the tractor and trailer together in instructing the jury as to how the damages were to be ascertained.

As this case is returned for a new trial it should be noted that plaintiff is engaged in the business of leasing motor vehicles and therefore would also be entitled to include as an item of damages the actual monetary loss from this source upon proper proof.

*Judgment reversed. Eberhardt, P. J., and Deen, J., concur.*