## 49552. OTTO v. HENDRY.

EVANS, Judge.

Olaf Otto, a contractor, was employed by the owner

of property at 213 East Hall Street, Savannah, Georgia, to clean up and demolish fire damage after a fire, and to repair the dwelling known as Brockington Hall. Two separate permits for this work were issued by the City of Savannah. Otto subcontracted with Joseph G. Flynn, a masonry contractor, to have the brick work performed in making the repairs which required repairs to a brick wall in the attic, through the roof and above it. John L. Alexander, Otto's superintendent, was in charge of the repairs being made. James S. Hendry, Sr. was working as a bricklayer for Flynn. Hendry was required to negotiate very steep stairs to the attic. The stairwell was unlighted, and he complained to the superintendent of the poor light. But the superintendent advised that everyone else was having no trouble using the stairs and nothing was done to correct the situation. In addition, the banisters had been damaged by fire and had not been replaced.

On November 28, 1972, due to the steepness of the stairs, its unlighted condition, and no safe handrail to hold on to, Hendry fell down the attic stairs and was severely injured. Hendry sued Otto for damages arising out of Otto's negligence in failing to provide light in the area and in failing to provide a proper handrail. Defendant answered, admitting only jurisdiction and denying all other averments of the complaint. Defendant also filed a motion for summary judgment which was denied after a hearing. Defendant appeals. *Held:*

1. A building contractor in possession and control of a building's premises is bound to take reasonable measures to protect persons on the premises by his invitation from injuries which might arise from hidden defects or places of unusual danger. *Butler v. Lewman & Co.,* 115 Ga. 752 (42 SE 98); *Chambers v. Peacock Const. Co.,* 115 Ga. App. 670 (2) (155 SE2d 704).

2. Questions necessitating a decision as to whether or not a given state of facts shows a lack of ordinary care for one's own safety which will bar recovery (or assumption of the risk involved) or merely results in a reduction of the recovery under the comparative negligence rule are generally for the jury. *Stukes v.*

*Trowell,* 119 Ga. App. 651 (168 SE2d 616); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178).

3. All questions of negligence, such as whose negligence, or what negligence, constitutes the proximate cause of an injury are solely for jury determination except in plain, palpable and indisputable cases. Therefore, questions of fact remain, and the lower court did not err in denying summary judgment. *Long Construction Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726); *Harper v. Plunkett,* 122 Ga. App. 63, 64 (176 SE2d 187); *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (2) (176 SE2d 487).

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

SUBMITTED JULY 9, 1974 — DECIDED SEPTEMBER 16, 1974.

*Willis J. Richardson, Jr.,* for appellant.
*Jack H. Usher,* for appellee.