### 49624. SIMPSON v. DOTSON et al.

EVANS, Judge.

Mrs. C. W. Dotson, a regular customer of Simpson's Food Store in Atlanta, entered the store from the rear parking lot and through the rear door, as was her custom and usual practice, on February 8, 1973, for the purpose of purchasing groceries. The parking lot in the rear is larger than the parking lot in front of the building, but was hardly ever cleaned up of litter and was allowed to remain littered practically all of the time. Because of her physical condition, Mrs. Dotson was required to walk with a cane. She left the store by the rear entrance, and took the shortest route to her car, in the falling rain. There was plenty of litter on the ground as she walked towards her car, and she walked through this litter until she came to a step-off, where she set her cane down and stepped off, then took about two steps and struck

something hard which caused her to stumble and fall. She did not know exactly what she struck, but it was a hard object. The litter included paper sacks, garbage, napkins and rubbish, and everything like that. While she knew the litter was there, she did not know it was that bad. The rain was coming down hard enough to cause her to get wet. She had never walked in front of the parked cars in the rear parking lot, as she did on this occasion, but because of the rain she took the shortest route on this particular day.

Mrs. Dotson and her husband filed a joint suit against Paul Simpson, owner of the food store, for medical expense, loss of consortium, pain and suffering and disability, alleging the proximate cause of the injuries was the failure of defendant to keep the approaches to the business safe for invitees on the premises.

Defendant answered, denied liability, and contended that plaintiffs failed to state a claim; lack of ordinary care by Mrs. Dotson for her own safety; assumption of risk; last clear chance to avoid the consequences of the alleged negligence of defendant; that plaintiff's negligence was the proximate cause of her own injuries; and that her negligence was equal to or greater than was the defendant's negligence, if any.

After discovery, defendant moved for summary judgment, which was denied. Defendant appeals. *Held:*

1.   The owner of a business is charged with a responsibility to keep the premises and approaches safe for invitees on the premises. Code § 105-401; *Conaway v. McCrory Stores Corp.,* 82 Ga. App. 97 (60 SE2d 631); *Smith v. Jewell Cotton Mill Co.,* 29 Ga. App. 461 (116 SE 17).

2.   Questions of negligence, contributory negligence, proximate cause, and failure to exercise ordinary care to avoid the consequences of another's negligence, are generally questions properly placed within the province of the jury. *Cox v. Norris,* 70 Ga. App. 580 (3) (28 SE2d 888); *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726).

3.   Summary judgments can only be granted in those cases where undisputable, plain and palpable facts exist on which reasonable minds cannot differ as to the

conclusion to be reached. *Stukes v. Trowell,* 119 Ga. App. 651 (168 SE2d 616); *Malcom v. Malcolm,* 112 Ga. App. 151 (144 SE2d 188).

4. The burden in summary judgment proceedings is upon the moving party to establish the lack of a genuine issue of fact and the right to judgment as a matter of law; and all doubts as to the existence of such an issue or issues is resolved against the movant. The party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442).

5. While the evidence shows that Mrs. Dotson knew that defendant allowed his premises to remain littered practically all of the time, that is not sufficient to charge her with negligence in using the premises. There was no evidence to show that she "had knowledge of the danger inherent in the defect," which must be shown before she can be accounted negligent. *Firestone Service Stores v. Gillen,* 58 Ga. App. 782 (1), 786 (199 SE 853); *Rich's, Inc. v. Townsend,* 94 Ga. App. 761, 766 (96 SE2d 332); *Stanley v. City of Macon,* 95 Ga. App. 108, 110 (97 SE2d 330); *Wade v. Roberts,* 118 Ga. App. 284, 287 (163 SE2d 343).

6. In *Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251), this court held: "An owner of premises must, as to invitees, exercise ordinary care to keep premises safe, not *reasonably* safe. Where an invitee is injured on premises, as here, the question of negligence, whose negligence and what negligence is for the jury to determine under all the facts and circumstances of the case."

The language used in the above authority is appropriate and directly in point as to the case presently under consideration. The trial court properly reserved these questions to be later determined by a jury, and properly overruled and denied the motion for summary judgment of defendant.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

Argued September 3, 1974 — Decided October 22, 1974.

*Spearman, Bynum & Kell, William Lewis Spearman, Duane B. Jackson,* for appellant.
*William H. Whaley,* for appellees.