50491. BATCHELOR et al. v. ABC BOOKING, INC.
50492. BATCHELOR et al. v. GRIFFIN VENTURE et al.

Evans, Judge.

This is a stumble and fall case. Mary Dorine Batchelor, accompanied by members of her family, attended a wrestling match at the Griffin-Barnesville Sports Palace near Griffin, Georgia, on October 14, 1972. She paid for a ticket for admission. Her group sat in the first row of bleacher seats which they selected while the house was fully lighted. During the wrestling matches the lights were dimmed so that it was quite dark in the area where the spectators sat.

The management maintained a refreshment stand which was lighted and open for business during the time the wrestling matches were in progress. Mrs. Batchelor left her seat to approach the refreshment stand for the purpose of getting a soft drink. After she had taken several steps, she fell. At the place where she fell to the next lower level of seats, five or six chairs were missing from the row on which Mrs. Batchelor and her group were seated.

Mrs. Batchelor gave as the reason for her fall that she stumped her foot on something in the aisle (a screw or something in or attached to the floor) causing her to fall from the ledge where she was walking about two feet to the next lower level.

Her fall occurred before she reached the stairway which led down to the concession stand. It was too dark to see, and consequently she did not see what the object was that caused her to fall. Her right shoe was torn on the side at the same time she stumped it upon the object on the

floor. The shoe was a flat-heeled loafer. Her fall was to the next lower level, where her shoulder came in contact with the floor. There were no lights on the bottom of the aisle.

Mrs. Batchelor and her husband, as plaintiffs, sued ABC Booking, Inc., which operated the Sports Palace, and Griffin Ventures, as lessors.

After discovery, separate motions for summary judgment were granted to the defendants, lessor and lessee. Plaintiffs appeal, bringing two cases to this court because of the grant of the two separate motions for summary judgment. *Held:*

1. The owner of a business is charged with the responsibility to keep the premises safe for invitees. *Simpson v. Dotson,* 133 Ga. App. 120, 121 (1) (210 SE2d 240), and cases cited therein.

2. This applies to both the owner and occupier of land. *Burger Barn, Inc. v. Young,* 131 Ga. App. 828 (1) (207 SE2d 234).

3. Questions of negligence, contributory negligence, cause and proximate cause and whose negligence or what negligence constitutes proximate cause of the injury, are solely for the jury, except in plain and palpable and indisputable cases. *Burger Barn, Inc. v. Young,* 131 Ga. App. 828, 829 (3), supra, and cases cited; *Simpson v. Dotson,* 133 Ga. App. 120, 121 (2), supra, and cases cited.

4. Summary judgment can only be granted in those cases where plain, palpable and indisputable facts exist on which reasonable minds cannot differ. *Simpson v. Dotson,* supra, and cases cited.

5. All ambiguities, conclusions and inferences arising in and from the evidence must be construed most strongly against the movant for summary judgment. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5, 9 (126 SE2d 442). Plaintiff's evidence in this case shows she was an invitee in a semi-darkened amphitheatre; that she got up to go to a lighted refreshment stand and slipped on some object, believed to be a screw (or at least something quite similar to a screw), which tore her right shoe and caused her to fall, in an area where the light was insufficient to reveal foreign or dangerous objects on the floor.

Thus, there are issues in this case as to the existence

of a foreign object or defect in the floor, which created an unreasonable risk to an invitee while using the premises without knowledge of the defect. There is an issue as to whether or not there was negligence on the part of the defendants. See *Kreiss v. Allatoona Landing, Inc.,* 108 Ga. App. 427, 432-440 (133 SE2d 602); *Roberts v. Wicker,* 213 Ga. 352 (99 SE2d 84); *Johnson v. John Deere Plow Co.,* 214 Ga. 645 (106 SE2d 901). The mere fact that defendants offered testimony that they had never been advised of any person slipping on the floor in the Sports Palace; knew of no defective conditions in either the floor or the bleachers, or any irregularity; and the same had been cleaned prior to the matches on the date in question, and that no debris was on the floor after the cleaning operation, and that there was no defect in the floor noted during the cleaning, merely creates favorable inferences, which a jury may consider in opposition to plaintiff's testimony that she slipped on an object in the darkened amphitheatre, tearing a hole in her shoe while trying to go towards an unlighted aisle along an area where some chairs had been removed. Such testimony merely creates a conflict on the question of credibility and must be construed most strongly in favor of the party opposing the motion for summary judgment. See in this connection *Mathis v. Smallings & Sons,* 125 Ga. App. 810 (189 SE2d 122); *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866); *Simpson v. Dotson,* 133 Ga. App. 120, 122 (210 SE2d 240); *Davidson v. Ramsby,* 133 Ga. App. 128, 133 (11) (210 SE2d 245); *Otto v. Hendry,* 132 Ga. App. 598, 599 (1, 2) (208 SE2d 611). The jury might well consider the evidence and determine that there were defects not revealed to Mrs. Batchelor due to the darkened condition, lack of aisle lights, an exposed drop off, and the absence of chairs which were usually in the area, all of this might well have created a place of unusual danger of which the plaintiff was unaware. See in this connection *Siegal v. 1156 Woodland, Inc.,* 115 Ga. App. 178 (154 SE2d 263).

6. Under all these circumstances the lower court erred in dismissing the defendants on summary judgment in each case.

*Judgment reversed in both cases. Deen, P. J., and Webb, J., concur. Pannell, P. J., and Quillian, J., concur*

*specially. Bell, C. J., Clark, Stolz and Marshall, JJ.,*
*dissent.*

ARGUED APRIL 9, 1975 — DECIDED JUNE 13, 1975 —
REHEARING DENIED JULY 16, 1975 — ■■■■■■■■

*Irwin M. Levine,* for appellants.

*Nall, Miller & Cadenhead, Robert B. Hocutt, Savell,*
*Williams, Cox & Angel, Edward L. Savell, Elmer L. Nash,*
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein,*
*Marion H. Allen, Charles O. Baird, Jr., Lester Welch,*
*James Pratt,* for appellees.

PANNELL, Presiding Judge, concurring specially.

I concur in the ruling that summary judgment was
not proper upon the defendant's motion and the proof
offered. The dissenting opinion relies on *Emory University*
*v. Williams,* 127 Ga. App. 881, 883 (195 SE2d 464). That
case was an appeal from the denial of a motion for directed
verdict. The *burden was upon the plaintiff* in that case to
prove its contentions. The evidence in that case was
examined to see if the plaintiff had carried that burden
and produced sufficient evidence to prove its case.

Here, the motion for summary judgment was by the
defendant. The *burden was on the defendant* to disprove
some essential element of plaintiff's case.

Where a defendant, on whom the burden of proof does
not lie at the trial, makes a motion for summary judgment
*his burden is not carried* unless he can affirmatively
disprove, by evidence demanding a finding to that effect,
some essential element of plaintiff's case. That the
plaintiff fails to show a right to recover as required on the
trial when the burden is on the plaintiff, does not have the
effect of affirmatively disproving some essential element
of plaintiff's case. The question is not whether plaintiff has
failed to prove her right to recover, as in a motion for
directed verdict at the trial where the burden is on the
plaintiff, but whether the defendant who has the burden of
proof on its motion for summary judgment has disproved
by uncontroverted evidence some essential element of
plaintiff's case. The whole difference in these cases turns
upon who has the burden of proof, and whether or not that

burden has been carried. In motions for summary judgment by defendant the burden is on the defendant movant, and the plaintiff has no burden until the defendant has first carried its burden. The plaintiff is entitled to go to a jury unless the defendant has carried that burden. The defendant has not done so in this case.

QUILLIAN, Judge, concurring specially.

I agree with Judge Evans' position. A motion for summary judgment should not be granted against the plaintiff solely because she testifies she does not know what caused her to fall. The holding to the contrary in *Dykes v. Hammock,* 116 Ga. App. 389 (157 SE2d 524), has been overruled and disapproved in *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866), and *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65, 66 (183 SE2d 78), and correctly so since such decision in this regard was erroneous.

STOLZ, Judge, dissenting.

I believe the trial judge was correct in granting the defendants' motions for summary judgment. In addition to the facts recited in the majority opinion, the evidence before the trial judge showed that neither before, at the time of, nor after her fall did the plaintiff or any of her witnesses see or find anything on the floor where the plaintiff had been walking which would have caused the plaintiff to fall (R. 94, 95, 97, 105); that the plaintiff knew nothing that anyone, including the defendants, did or did not do which made her fall or which contributed to her falling (R. 133); that the plaintiff does not know what caused her to fall (R. 93, 94, 95, 97).

Other evidence showed that the floor had been cleaned prior to the wrestling matches on October 14, 1972; the floor had no defects at that time or since; and no repairs had been made on the floor since October 14, 1972 (R. 183). This was the first time that anyone had fallen at the arena during a wrestling attraction (R. 180, 183).

In disposing of an appeal in a case such as the one before us, we are governed by the following fundamental legal principles: (1) the plaintiff must prove "'that the defect in the floor which caused the plaintiff to slip, if a

patent defect, was for some reason *not connected with any negligence on her part* not patent or obvious to such plaintiff.' . . . [Cit.] (2) 'Before an owner can be held liable for the slippery condition of the floor, produced by the presence of a foreign substance, proof must be shown that he was aware of the substance or would have known of its presence had he exercised reasonable care.' . . . [Cit.] (3) 'In the absence of [proof] of facts showing actual knowledge on the part of the defendants of the presence of the substance on the floor, or showing facts and circumstances from which it would be inferred that the defendants had knowledge of the presence of the substance on the floor, the defendants would not be charged with negligence in failing to remove a substance placed there by someone else.' . . . [Cit.] (4) Where there are no conditions making the premises unusually dangerous, the law does not require the proprietor to provide a constant patrol . . . [Cit.]" *Emory University v. Williams,* 127 Ga. App. 881, 883 (195 SE2d 464) and cits. The record in this case is utterly devoid of any evidence which would satisfy the foregoing criteria. The plaintiff has failed to show the existence of any material fact which would authorize a recovery. The plaintiff must show the existence of a defect in the premises and the defendant's awareness thereof, either actual or constructive. The plaintiff has shown only that she stumbled, fell and was hurt. This is not enough. The defendants are not insurers of the plaintiff's safety, which is what the majority opinion amounts to holding.

I am authorized to state that Chief Judge Bell and Judges Clark and Marshall join me in this dissent.