55108. FIRESTONE TIRE & RUBBER COMPANY v. KING.

BANKE, Judge.

The appellee's husband suffered brain damage when the left front tire of a truck which he was driving blew out, causing the vehicle to go out of control and overturn. She brought this products liability claim on his behalf against the appellant, the manufacturer of the tire, alleging that the blowout had been caused by a manufacturing defect. A jury awarded her $300,000 in damages, which gave rise to this appeal.

Neither the tube which had been in the tire nor the portion of the tire in the immediate area of the blowout was recovered following the accident; however, from the portions of the tire which were recovered, it was evident that less than 20 percent of the tread had been used. This indicated exceptionally good wear, since the tire had

traveled over 30,000 miles. There was no indication that the tire had been improperly cared for or abused in anyway, nor was there any indication that road conditions or foreign objects in the immediate area were responsible for the blowout.

Two experts testified on behalf of the appellee, stating that in their opinion the failure of the tire was caused by a defect in the material or workmanship. According to their theory, excessive flexion was produced in the area of the defect as the tire rotated, generating a "hot spot" and gradually weakening the nylon cord in that area until it was no longer functional.

The appellant's expert, on the other hand, testified that the cords were weakened not by a manufacturing defect but by an impact with something in the road, an impact which could have occurred hundreds of miles prior to the blowout. According to his theory, the interior cords damaged by the impact eventually punctured the tube, which in turn caused progressive deflation, which in turn caused progressive overheating throughout the entire tire. This overheating eventually weakened the cords, resulting in a blowout in the area of the original cord damage.

The appellee's experts and the appellant's expert were in direct conflict on the issue of whether the cords in the remaining portion of the tire exhibited signs of generalized overheating such as might have been caused by running the tire in an underinflated condition. The appellant's expert testified that the tire did exhibit such signs, giving support to his theory that the blowout resulted from a prior impact. The appellee's experts testified that the overheating was localized, giving support to their theory that a defect was responsible for the blowout.

1. In order to impose strict liability on the manufacturer of a product, "the plaintiff must show that the manufacturer's product when sold by the manufacturer was defective." *Center Chemical Co. v. Parzini,* 234 Ga. 868, 869 (1) (218 SE2d 580) (1975). See Code Ann. § 105-106; *Ellis v. Rich's, Inc.,* 233 Ga. 573 (212 SE2d 373) (1975). The appellant contends that the appellee failed to make such a showing in this case, since her

experts could not specify the exact nature of the defect which, in their opinion, caused the tire to fail. Instead they merely speculated as to possibilities, such as contamination of materials or undervulcanization.

We do not agree that it was necessary for the appellee to specify the nature of the defect in order to meet her burden of proof. It has often been held that the existence of a manufacturing defect in a products liability case may be inferred from circumstantial evidence. See, e.g., Franks v. National Dairy Products Corp., 414 F2d 682 (5th Cir. 1969); Smith v. Uniroyal, Inc., 420 F2d 438 (7th Cir. 1970); Lindsay v. McDonnell Douglas Aircraft Corp., 460 F2d 631 (8th Cir. 1972); McCann v. Atlas Supply Co., 325 FSupp. 701 (W. D. Pa. 1971); Barth v. B. F. Goodrich Tire Co., 265 Cal. App. 228 (71 Cal. Rptr. 306) (1968). Furthermore, the defect in this case could not be directly observed due to the fact that the material in the area of the blowout was destroyed by the blowout. To rule that this prevented the appellee from establishing a prima facie case would be to insulate manufacturers from liability for defective products in any case where the defect causes its own destruction. Such a result would be totally untenable.

We hold that the testimony presented a jury question as to whether the appellee's injuries were caused by a manufacturing defect in the tire. Accord, *Long Mfg. &c., Inc. v. Grady Tractor Co.,* 140 Ga. App. 320 (1) (231 SE2d 105) (1976); *Ford Motor Co. v. Lee,* 137 Ga. App. 486 (5, 6) (224 SE2d 168) (1976). Cf. *Firestone Tire &c. Co. v. Jackson Transp. Co.,* 126 Ga. App. 471 (191 SE2d 110) (1972). Therefore, the trial court did not err in failing to direct a verdict for the appellant or to grant a new trial on the general grounds.

2. Appellee's husband drove for a trucking firm which made frequent use of Firestone tires. An employee of that firm was called as a witness and was asked by appellee's counsel whether the firm had discontinued using Firestone tires following the blowout which gave rise to this case. Appellant immediately objected and moved for a mistrial. The trial judge sustained the objection, stating that the question was improper and prejudicial and instructed the jury to disregard it. The appellant now asserts as error the failure to grant its

motion for mistrial.

This enumeration is without merit. "The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused. [Cits.] Unless it is apparent that a mistrial is essential to preservation of the right of fair trial, the discretion of the trial judge will not be interfered with." *Atlantic C. L. R. Co. v. Smith*, 107 Ga. App. 384 (6) (130 SE2d 355) (1963). Although the question asked by appellee's counsel was a patent attempt to introduce inadmissible evidence, the question was never answered, and we do not believe that in the context of all the evidence presented during this four-day trial it so prejudiced the proceedings as to require a mistrial as a matter of law.

3. Counsel for appellee asked the following question of one of his experts on direct examination and received the following response: "Q. Were you familiar with this type of Firestone tire, Mr. Cerny, before you made this examination? A. Yes, sir, we had looked into other failures involving the Transport 1 tires." Appellant contends that it was error to deny his subsequent motion for mistrial.

This contention is also without merit. "[W]here illegal testimony is volunteered by a witness in answer to the question asked, and where such answer is ruled out, it is ordinarily not an abuse of discretion to refuse to grant a mistrial. [Cits.]" *Jones v. State*, 139 Ga. App. 643 (229 SE2d 121) (1976). The trial court promptly instructed the jury to disregard the answer as being unresponsive to the question. Accordingly, he acted within his discretion in denying the mistrial.

4. On voir dire, counsel for the appellant asked the prospective jurors whether any of them had a physical disability and received no affirmative response. Later he discovered that one of the jurors chosen to serve had an artificial leg. He moved for a mistrial on the ground that this juror's failure to respond truthfully on voir dire deprived him of information which he needed to make intelligent use of his peremptory challenges and, therefore, undermined the integrity of the jury selection process. The denial of this motion is now enumerated as error.

An attack on the jury selection process is never to be treated lightly, for the selection of an impartial jury is, as the defendant points out, "the cornerstone of the fairness of trial by jury." *Melson v. Dickson,* 63 Ga. 682, 686 (1879). Nevertheless, we hold that it was not error to deny a mistrial in this case. The juror in question stated in a post-trial affidavit that the loss of her leg, which had occurred 37 years earlier during a tornado, did not enter into her mind during the deliberations. Furthermore, she stated that she had not heard the question as to whether anyone had a physical disability and that, in any event, she did not consider herself to be disabled since she had lived and worked with the artificial leg all of her adult life. The appellant has presented us with no reason why, in the face of these statements, we should assume that this juror was biased towards the appellee or against the appellant.

*Glover v. Maddox,* 100 Ga. App. 262 (5) (111 SE2d 164) (1959), cited by appellant in support of its position, is inapposite to this case. The court there ordered a new trial due to a juror's failure to disclose in response to voir dire questioning that he had previously been represented by counsel for plaintiff in an adoption proceeding. The court noted that prior familiarity or involvement with the parties, counsel or subject matter in a suit are matters which Code § 59-705 specifically sets out as bearing on a prospective juror's interest in the case. Unlike the information sought by appellant's counsel in this case, such information actually reveals a prior connection between the juror and some aspect of the litigation. No such prior connection would have been revealed by a proper response in this case.

The case of *Bryan v. Moncrief Furnace Co.,* 168 Ga. 825 (149 SE 193) (1929), also cited by appellant, is similarly inapposite. That case involved the denial of the appellant's request to inquire whether any members of the panel belonged to the KKK, which was a party to the case.

In the absence of any showing of actual injury or bias, the appellant's motion for mistrial was properly overruled. Accord, *Geiger v. State,* 129 Ga. App. 488 (2) (199 SE2d 861) (1973).

5. As counsel for the appellee began his closing

argument, he stated: ". . . let me just say at the outset if we hadn't proved the case I wouldn't be standing here." Counsel for appellant immediately objected, whereupon the court stated: "I sustain the objection, Mr. Burt, that is not proper. Whether or not you've proved it is strictly up to you members of the jury. I don't know what Mr. Burt means by that. The mere fact that it's presented to the jury does not mean he's entitled to a verdict or that he's proved anything. Just disregard that statement. Mr. Burt, don't make statements like that." The appellant contends that it was entitled to the grant of a mistrial due to this and other allegedly improper statements made by appellee's counsel during closing argument.

"Improper remarks made by counsel in argument to the jury may be corrected by the court by proper instructions to the jury, and in extreme cases by the further device of rebuking the offending counsel, or if the offense is so great as to render it likely that the harmful effects thereof cannot be removed by proper instructions and by a rebuke of counsel, then the court may grant a mistrial. However, the trial court has a wide discretion in granting or refusing to grant a mistrial in such cases, and unless it is manifest that a mistrial was essential to the preservation [of] the right of a fair trial, the appellate courts should not interfere with the proper exercise by the trial judge of this discretion. [Cits.]" *Yellow Cab Co. v. McCullers,* 98 Ga. App. 601, 606 (3) (106 SE2d 535) (1958). See *Smith v. State,* 204 Ga. 184 (2) (48 SE2d 860) (1948); *McCluskey v. American Oil Co.,* 225 Ga. 63 (165 SE2d 830) (1969); *Travelers Indem. Co. v. Wilkes County,* 102 Ga. App. 362 (2) (116 SE2d 314) (1960). The trial court promptly rebuked appellee's counsel and admonished the jury to disregard the improper remarks quoted above. We find no abuse of discretion in the subsequent refusal to declare a mistrial.

The other remarks cited by appellant as requiring the grant of a mistrial do not appear to this court to have had any significant potential for prejudice or harm to the appellant.

6. It was not error to allow the investigating officer to give his opinion as to the speed of the truck at the time of the blowout, over the objection that his opinion was based

on insufficient facts. "A qualified witness may give opinion evidence as to speed based on data observed immediately after a collision, such as skid marks, distances, and the positions of and damage to the vehicles. If it be developed by further examination that the opinion is based on inadequate knowledge, this goes to the credibility of the witness rather than to the admissibility of the evidence." *Central Container Corp. v. Westbrook,* 105 Ga. App. 855 (4) (126 SE2d 264) (1962). See *Massee v. State Farm Mut. Auto. Ins. Co.,* 128 Ga. App. 439 (3) (197 SE2d 459) (1973); *Williams Bros. Grocery Co. v. Blanton,* 105 Ga. App. 314 (2c) (124 SE2d 479) (1962).

7. It was not error to charge the jury that the plaintiff was not required to prove negligence in the manufacturing of the tire in order to recover. See *Center Chemical Co. v. Parzini,* 234 Ga. 868 (2), supra; *Stovall & Co. v. Tate,* 124 Ga. App. 605 (184 SE2d 834) (1971). Nor is there any merit in the appellant's contention that the charge was argumentative or that it expressed opinions in favor of the appellee.

8. Appellant enumerates as error the failure to give the following charge on request: "I charge you, Members of the Jury, the mere fact of a tire blowout does not tend to establish that the tire was defective. Blowouts can be attributed to myriad causes, including not only the care with which the tires are maintained, but the condition of the roads over which they are driven and the happenstance striking of damaging objects." The trial court charged the first sentence but not the second. We find no error. The second sentence, although a true statement, was unduly argumentative in favor of appellant and contained no legal principle.

Having found no reversible error in the proceedings in the lower court for any reason assigned, the judgment below is affirmed.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED JANUARY 4, 1978 — DECIDED APRIL 20, 1978 — REHEARING DENIED MAY 4, 1978 — CERT. APPLIED FOR.

*Perry, Walters, Lippitt & Custer, Jesse W. Walters,*

*Gregory J. Digel, Alfred B. Adams, III,* for appellant.
*Burt, Burt & Rentz, Hillard P. Burt, Walter H. Burt, III,* for appellee.