## 57691. HOUSTON v. ROBERTS et al.

UNDERWOOD, Judge

The trial court instructed the jury: "If you find that the plaintiff is . . . entitled to recover, then you cannot find that she is entitled to recover on any more than one of these [three] counts. They stand alone. You have to deal with them one by one. Now, if you find that the plaintiff is not entitled to recover on any of these Counts One, Two and Three . . . then you may go further and determine whether or not the plaintiff has a claim for breach of contract . . . [I]f you find that this is not a valid and enforceable contract, you may consider whether or not the defendants . . . have been unjustly enriched . . . A claim of unjust enrichment is based, not on a contract that should be agreed to, but a contract implied by law for reasons of justice and not created by the mutual assent of the parties."

Nevertheless, the jury returned the following verdict: "We, the jury, find in favor of the plaintiff: Count No. 1 Guilty, 90% of attorney fees, and $6,750.00; Count No. 2 Not Guilty, Count No. 3 Not Guilty. We find the contract valid. The Longleys were unjustly enriched by breach of contract. We award the plaintiff $2,778.84 plus 10% of att. fees to be paid by the Longleys."

The court ruled that the jury was so hopelessly confused that the verdict could not be salvaged, and we are not prepared to interfere with his declaration of a mistrial. "The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused." *Firestone Tire &c. Co. v. King,* 145 Ga. App. 840, 843 (244 SE2d 905) (1978).

*Judgment affirmed. Banke, Acting P. J., and Carley, J., concur.*

SUBMITTED APRIL 10, 1979 — DECIDED JUNE 19, 1979.

*Blanton & Fudge, John G. Barrett, Gerald W. Fudge,* for appellant.

*Claude E. Hambrick, Todd Evans, Torin D. Togut,*

for appellees.