62885. LANG v. FEDERATED DEPARTMENT STORES, INC. et al.

MCMURRAY, Presiding Judge.

This is a strict or products liability case against the manufacturer as to an allegedly defective product. Suit was filed also against a beauty salon, its employee (hairdresser) for allegedly applying the defective product negligently and against the department store in which the salon is located. The action by the plaintiff, a minor, by next friend, is brought in three counts. Counts 1 and 2 are directed against the defendants beauty salon, hairdresser and department store for alleged breach of contract and negligence. We are not concerned here with these two counts.

The remaining count is against the defendants Revlon Commissary Sales, Inc. and Revlon-Realistic Professional Products, Inc., alleged to be the manufacturers of "a permanent creme relaxer," for breach of implied warranty that the product would be safe for the

particular use intended and that same was allegedly manufactured in a defective manner. Following discovery the defendants Revlon Commissary Sales, Inc. and Revlon-Realistic Professional Products, Inc. jointly filed a motion for summary judgment and after consideration of the entire record same was granted. Plaintiff appeals. *Held:*

1. Where motion for summary judgment is made by a defendant that defendant shoulders the burden of disproving plaintiff's case, that is, the defendant must affirmatively disprove same by uncontroverted evidence that demands a finding that no genuine issue as to any material fact remains, and the defendant is entitled to a judgment as a matter of law. See *Batchelor v. ABC Booking, Inc.,* 135 Ga. App. 440 (218 SE2d 124); *Firestone Tire & Rubber Co. v. King,* 145 Ga. App. 840, 841-842 (1) (244 SE2d 905); *Center Chemical Co. v. Parzini,* 234 Ga. 868 (1) (2) (3) (218 SE2d 580); *Ford Motor Co. v. Lee,* 137 Ga. App. 486, 488-489 (5) (6) (224 SE2d 168). As to implied warranty compare *Firestone Tire & Rubber Co. v. Jackson Transp. Co.,* 126 Ga. App. 471 (191 SE2d 110); and *Ford Motor Co. v. Lee,* 137 Ga. App. 486, 487 (3), supra.

The doctrine of tort liability with reference to a defective product as alleged here is found in Code Ann. § 105-106 (Ga. L. 1968, pp. 1166, 1167; 1978, p. 2202; 1978, p. 2218; 1978, p. 2267). Thus, the issue is not whether the product was too potent for ordinary use, but whether the product was defective in its manufacture, its packaging, or its failure to adequately warn of its dangerous propensities. *Center Chemical Co. v. Parzini,* 234 Ga. 868, supra, revg. s.c. 134 Ga. App. 414 (214 SE2d 700), s.c. 136 Ga. App. 396 (221 SE2d 475).

2. We are not concerned here in this particular appeal with the possible negligence in the use of the product labeled for "professional use only" and allegedly sold by the manufacturer to a beauty supplier, who in turn, sold the "professional package" to the defendant beauty salon in which evidence has been produced to show negligence in the use of the product upon the plaintiff's head and alleged violations of the warnings with reference to the use of a product containing sodium hydroxide (lye). As to the issue of negligence, this issue remains. It appears that certain of the warnings and so-called "Do's and Don'ts" were not followed and were admittedly violated, hence this issue remains for determination as to whether or not said violations resulted in the damage to the plaintiff. In strict liability cases mere failure to read the label is not per se a bar to recovery as same raises a jury question as to the adequacy of the warning and the reasonableness of its use in light of the information under the control of the user. See *Ford Motor Co. v. Lee,* 137 Ga. App. 486, 487 (2), supra; *Parzini v. Center Chemical Co.,*

136 Ga. App. 396, 399, supra.

The evidence discloses that the plaintiff had been treated on numerous occasions with the "permanent creme relaxer" by the same defendant hairdresser and defendant beauty salon in the same manner as was the case here without difficulty. In addition, there was expert opinion by another beautician that she had used the same product in treating the plaintiff's hair subsequent to the alleged incident, who did offer criticism both of the product as to its instructions and warnings and also as to its use by beauticians who should use reasonableness and common sense in applying the product. In addition, the evidence shows here that the product was not tampered with after it left the manufacturer, that it was applied to the plaintiff's hair in a fashion similar to previous occasions and that her injuries began to occur shortly after the application in question. Further, the defendant beautician was familiar with the information on the container and despite her failure to follow instructions to the letter of the warnings and "do's and don'ts," it is a jury issue. The repeated prior use of the product on the plaintiff's hair would logically show that the damage was either due to the failure to follow instructions, the beautician defendant proceeded unreasonably to use the product, or the product itself was defective. *Center Chemical Co. v. Parzini,* 234 Ga. 868, 871, supra; *Firestone Tire & Rubber Co. v. King,* 145 Ga. App. 840, 842 (2), supra.

3. As to whether or not plaintiff had assumed the risk under the circumstances and evidence here is singularly a question within the province of a jury. See *Beam v. Omark Industries, Inc.,* 143 Ga. App. 142 (1), 143-145 (237 SE2d 607). As stated in the above case at page 144, "all inferences from the evidence will be interpreted favorably toward making an issue of fact."

4. In the case sub judice the product in question contained sodium hydroxide (lye) and required great care in its use to avoid skin and scalp burns, hair loss and eye injury, some of which occurred in this instance resulting in the personal injury to the plaintiff. Under the circumstances the injury is of such a nature that it cannot be reasonably explained except as a result of a defect in the product, albeit that it may be due to the negligent use thereof as eventually may be determined. It further appears that there was no change in the product from the time it left the manufacturer's control until its use. Thus, a jury may be permitted to infer that the product was defective and that the defendant manufacturer was responsible for the defect.

5. Generally, as proof of negligence is not in issue in a strict liability case, the doctrine of res ipsa loquitur has no application. Yet, the inferences which are the core of the doctrine are no more and are

no less applicable for the plaintiff is not required to eliminate all other possibilities or to prove the case beyond a reasonable doubt. Thus, it is still a jury issue as to whether reasonable persons on the jury might determine from circumstantial evidence that the cause of injury occurred from the use of the product. See W. Kimble, R. Lesher, Products Liability, 232, 233, § 222. See also Prosser, Law of Torts 672, 673, § 103 (4th Ed.).

Under the evidence genuine issues of material fact remain for jury determination as to the cause of the plaintiff's injuries which may or may not be due to the negligent use of the product, the same having been used previously without difficulty.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 16, 1982 —
REHEARING DENIED MARCH 23, 1982.

*Barry B. McGough,* for appellant.
*Glen Frick, John E. Talmadge, Jr., Barry Mittenthal, J. M. Hudgins IV,* for appellees.

ON MOTION FOR REHEARING.

On motion for rehearing both parties correctly point out that plaintiff did not pursue and thus abandoned her appeal from the trial court's grant of summary judgment as to her cause of action based upon the breach of an implied warranty. Therefore, even though the opinion of this court does contain some passing reference to implied warranties, the judgment rendered in this case cannot be applied so as to resurrect the cause of action as it relates to an alleged breach of implied warranty.

*Motion for rehearing denied.*