## 66370. SKIL CORPORATION v. LUGSDIN.

SOGNIER, Judge.

This products liability case was brought by Herbert L. Lugsdin against Skil Corporation (Skil) to recover damages for injuries Lugsdin sustained when the lower blade guard of a circular saw manufactured by Skil failed to close and Lugsdin's hand came into contact with the exposed blade. The first jury trial of this case ended in a verdict and judgment in favor of Skil. Thereafter, the trial court granted Lugsdin's motion for a new trial. A second trial was held and the jury returned a verdict in favor of Lugsdin. Skil appeals.

1. Appellant contends the trial court erred by denying its motion in limine and allowing appellee to elicit testimony from appellant's corporate representative on cross-examination that appellant had received at least 48 informal complaints or lawsuits involving instances when lower blade guards had failed to close on the same or similar model saws as that used by appellee. Appellant contends that such testimony was not relevant to any issue involved in the case. We do not agree.

Similar acts or omissions on other and different occasions are

not generally admissible to prove like acts or omissions at a different time or place. *Seaboard Coast Line R. Co. v. Clark,* 122 Ga. App. 237, 239 (1) (176 SE2d 596) (1970). However, the purpose of the testimony in question was not to prove by prior incidents that the saw used by appellee was defective or that appellee's injury was caused by a defect in the saw; other evidence was offered to make these showings. See *Harley-Davidson Motor Co. v. Daniel,* 244 Ga. 284, 287 (1) (260 SE2d 20) (1979). Rather, the testimony was introduced to show that appellant had received notice and had knowledge of lower blade guard closure problems in its circular saws. Moreover, the witness did not testify as to the particular facts, allegations, or outcomes of any of the individual incidents reported, but only as to appellant's receipt of complaints having to do with lower blade guard closure problems. This testimony was relevant to several issues in the case.

One such issue was the claim in appellee's complaint for punitive damages. "The award of punitive damages requires a tort accompanied by aggravating circumstances either in the act or the intention, evidenced by 'wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.' [Cit.]" *Ga.-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747, 749 (2) (266 SE2d 531) (1980). Where it was alleged that with reckless indifference to the consequences, appellant failed to perform its duty to avoid the threatened injury, evidence that appellant knew from complaints of similar incidents that the probable consequence of a certain defect would be to inflict injury was relevant to the question of malice or wanton misconduct. See *Gunthorpe v. Daniels,* 150 Ga. App. 113, 114 (3) (257 SE2d 199) (1979); *Flint Explosive Co. v. Edwards,* 84 Ga. App. 376, 389 (66 SE2d 368) (1951). See also *Jackson v. Co-op Cab Co.,* 102 Ga. App. 688 (3) (117 SE2d 627) (1960).

Although the case was ultimately submitted to the jury on a theory of strict liability, the action was also brought on a theory of negligence, making the testimony in question admissible to show knowledge of a dangerous condition or defect. *Pembrook Management v. Cossaboon,* 157 Ga. App. 675, 677 (3) (278 SE2d 100) (1981). "All that is required is that the prior accident be sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated accident. [Cit.]" Id.

Finally, on the issue of strict liability, the manufacturer's knowledge of dangerous propensities is relevant to its duty to adequately warn of same. See *Center Chemical Co. v. Parzini,* 234 Ga. 868, 869 (3), 871 (218 SE2d 580) (1975); *Giordano v. Ford Motor Co.,* 165 Ga. App. 644, 645 (2) (299 SE2d 897) (1983).

Appellant also argues that appellee failed to lay a proper

foundation for the admission of the testimony concerning the previous complaints. We do not agree. Prior to the testimony in question, appellee elicited from appellant's corporate representative testimony establishing the similarity of the various models of saws that were the subjects of the complaints. The witness testified that each of the models were circular saws having lower blade guards activated by spring mechanisms that were designed to automatically cover the blade after a cut is made. Appellee's expert witness later testified that the lower blade guards of the several models did not differ significantly in design or operation. There was, therefore, sufficient foundation testimony to establish relevancy, taking into consideration the purpose for which the evidence of complaints of similar incidents was introduced. See *Wright v. Dilbeck,* 122 Ga. App. 214, 217 (176 SE2d 715) (1970).

The trial court did not err in overruling appellant's motion in limine and in admitting the testimony.

2. Appellant contends that the trial court erred in denying its motion for a directed verdict because appellee failed to meet its burden of proof on the issue of strict liability for a manufacturing defect. Appellant argues there was no evidence establishing the existence of a manufacturing defect in the saw at the time it left the hands of the manufacturer—appellant. See *Parzini,* supra at 869.

After the incident in which appellee was injured, the saw was sent as a matter of routine to be repaired, and was then returned to the construction site. Thus, both parties were prevented from examining the saw to determine whether any defect was present at the time of appellee's injury. However, evidence established that immediately after appellee was injured, the lower blade guard, which should have closed automatically and instantaneously after appellee completed his cut in the wood, was still in the open position, leaving the blade exposed. Appellee's expert witness testified that the cause of the open guard was failure of the spring that should have closed the guard, and that such failure was a defect in the saw. Appellant's expert testified that any failure of the guard to close would have been caused by damage to the saw by banging or dropping and that spring failure was very unlikely.

Other evidence showed that the saw was new, having been first removed from the manufacturer's carton two months prior to appellee's injury; that on the day he was injured, appellee observed that the saw was clean, in good condition, and not bent or jammed; that appellee used the saw to cut lumber without incident for the entire workday prior to being injured; and that appellee had not tampered with the guard to prevent it from closing.

Circumstantial evidence may be used to establish the existence

of a manufacturing defect at the time the product left the manufacturer, *Firestone Tire &c. Co. v. King,* 145 Ga. App. 840, 842 (244 SE2d 905) (1978), even where the product is consumed (see *Lang v. Federated Dept. Stores,* 161 Ga. App. 760 (287 SE2d 729) (1982)) or destroyed (see *Firestone Tire &c. Co. v. Hall,* 152 Ga. App. 560, 562 (1) (263 SE2d 449) (1979); *King,* supra) in the use that resulted in the plaintiff's injury. Based upon the evidence recited above and the expert testimony that there was no other reasonable explanation for the failure of the blade guard other than a defect in the saw's spring mechanism, there was sufficient evidence from which the jury could infer that the saw was defective when sold by the appellant-manufacturer. See *Hall; Lang* at 762 (4, 5); *King,* supra. Hence, the trial court did not err in failing to direct a verdict for appellant.

3. For the same reasons discussed in Division 2 above, the trial court did not err in overruling appellant's motion for a new trial on the general grounds. See *King,* supra at 842.

4. Appellant contends that appellee's purported claim based upon a defect was contrary to law, and that the trial court erred in submitting this issue to the jury.

Appellant, not appellee, elicited the testimony that introduced the issue of a design defect into the case. Further, appellant made no objection to the trial court's charge on design defects and manufacturing defects. "Unless the alleged error is blatantly apparent and prejudicial, appellant may not complain of the charge for the first time on appeal." *McDaniel v. Gysel,* 155 Ga. App. 111 (2) (270 SE2d 469) (1980). Cf. *Pressley v. Jennings,* 227 Ga. 366, 372 (8) (180 SE2d 896) (1971). Appellant's enumeration of error is without merit.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 4, 1983.

*Michael G. Frick,* for appellant.
*Malcolm C. McArthur, H. Sanders Carter, Jr.,* for appellee.