### 69504. FOLSOM v. SEARS, ROEBUCK & COMPANY, INC.
(329 SE2d 217)

SOGNIER, Judge.

Dorothy L. Folsom brought this products liability case against Sears, Roebuck & Co., Inc. (Sears) to recover damages for burn injuries sustained to her hand while using a Sears brand microwave oven. The trial court granted Sears' motion for summary judgment and Folsom appeals.

Appellant contends the trial court erred by granting summary judgment to appellee because issues of fact exist whether the microwave oven was defective in design or manufacture. The oven was manufactured with several mechanisms designed to turn off microwave radiation. These included door monitor switches to turn off radiation should the door be opened, a timed stop mechanism to stop radiation after a set time elapsed, and a stop mechanism activated by pressing a "stop" button on the oven. Appellant testified that after the microwave timer went off she followed her usual routine of pressing the oven's "stop" and "clear" buttons, opened the door, put her hand inside, and was severely burned. The doctor who treated her in the emergency room testified that her hand was burned all over "like

a glove." By affidavit appellant's expert testified that his inspection and testing of the microwave revealed that the safety switches were discolored, the contact pits of the switches were pitted and that "the conditions of these switches do not appear consistent with proper design and normal operation." He further stated that the microwave could have remained in operation with the door open on at least one occasion.

Appellant's complaint stated a claim for strict liability under OCGA § 51-1-11 (b) (1) and she was therefore required to show that the microwave was defective when sold by appellee. *Center Chemical Co. v. Parzini*, 234 Ga. 868, 869 (2) (218 SE2d 580) (1975). Circumstantial evidence may be used to establish the existence of a manufacturing defect at the time a product left the manufacturer. *Skil Corp. v. Lugsdin*, 168 Ga. App. 754, 756-757 (2) (309 SE2d 921) (1983); *Firestone Tire &c. Co. v. King*, 145 Ga. App. 840, 842 (1) (244 SE2d 905) (1978). Based on the evidence above and appellant's expert's testimony, there is a genuine issue of material fact remaining as to whether the microwave was defective when sold. Thus, the trial court erred by granting summary judgment to appellee. *Skil Corp.*, supra; *King*, supra; *Lang v. Federated Dept. Stores*, 161 Ga. App. 760, 762-63 (4, 5) (287 SE2d 729) (1982).

*Judgment reversed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 20, 1985 —

*Tom W. Daniel*, for appellant.
*H. Jerome Strickland, Robert C. Norman, Jr.*, for appellee.