DONALD FORE, Plaintiff-Appellant, *v.* VERMEER MANUFACTURING CO. *et al.,* Defendants-Appellees.

(No. 72-59;

Third District—September 8, 1972.

Jay H. Janssen, of Peoria, for appellant.

Robert C. Strodel, Assoc., of Peoria, (Arthur R. Kingery, of counsel,) for appellee Vermeer Mfg. Co.

Heyl, Royster, Voelker & Allen, of Peoria, Lyle W. Allen, of counsel,) for appellee McElroy-Roland Machinery Co.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is a personal injury action brought by the plaintiff, Donald Fore, against the defendants, Vermeer Manufacturing Co., (the manufacturer) and Elroy-Roland Machinery Co., (the distributor) for negligence and for strict liability in the manufacture and sale of a trenching machine. The trial court granted summary judgment against plaintiff, on motions of the defendants, and it is from that judgment that plaintiff appeals.

The issue is whether plaintiff was guilty of contributory negligence and assumed the risk as a matter of law.

The complaint against each of the defendants was in two counts: the first count sounded in negligence and the second count sounded in strict liability. Each defendant answered denying the allegations of the complaint and also setting up the defense of assumption of the risk to the strict liability count.

The complaint essentially alleges that on May 22, 1970, plaintiff was injured while operating a trencher in the employment of West Central

Utilities. While operating on an incline, the engine stalled and the brakes failed to stop the vehicle. Plaintiff was thrown from the trencher and was injured.

The defendants took plaintiff's deposition wherein he stated that prior to the accident he had numerous difficulties with the brakes on this trencher, had made many complaints to his employer concerning the inadequacies of the brakes, and knew of the particular risk and danger of operating the vehicle on a hill or incline. His only excuse for operating what he described as a "dangerous and unsafe" machine was that he thought it was necessary to keep his job. He stated that he had braking problems on the Lake Camelot job probably a "million times". He had made complaints to his foreman and that the foreman had taken the machine into the shop for work. He also stated that his employer knew the machine didn't have brakes. He said he was entirely familiar with the machine, he considered himself as an experienced operator of the machine and "knew what it could do and what it couldn't do", and he knew its limitations and design features. He stated he knew that if the machine got started down a hill he couldn't stop it.. He considered the machine dangerous and unsafe because of the brakes and even with that knowledge, continued to use the machine. The machine had run away with him on a hillside on at least two previous occasions. He was 27 years old at the time of the accident and had been operating the particular trencher involved for about a year and a half. He further stated that he was aware of the particular risk which he encountered on the afternoon of the accident, and that he was "very knowledgeable of brakes, how they worked and their functions". On the morning of May 22, 1970, he had braking problems, that the brakes would not hold and he had to swerve into an embankment to stop the machine.

In opposition to the Motions for Summary Judgment (with plaintiff's deposition attached) plaintiff filed an affidavit wherein he stated that the trenching machine was being operated in the condition as it came from the factory and the distributor and was operated in a manner that was foreseeable by defendants, he further stated that his operation of the machine was as he was directed by his employer.

■■ The admissions contained in plaintiff's deposition therefore stand uncontroverted. "The test to be applied in determining whether a user has assumed the risk of using a product known to be dangerously defective is fundamentally a subjective test, in the sense that it is his knowledge, understanding and appreciation of the danger which must be assessed, rather than that of the reasonably prudent person * * * and the factors of the user's age, experience, knowledge and understanding,

as well as the obviousness of the defect and the danger it poses, * * *."
*Williams v. Brown Manufacturing Co.*, 45 Ill.2d 418, 430.

■■ It appears to be clear that the plaintiff had actual knowledge of the danger; that he understood and appreciated the risk, and that he deliberately exposed himself to such risk, all while he was of full age, well experienced, with complete knowledge and understanding, of an obvious defect, and an obvious danger. Under such circumstances the court may declare as a matter of law that he assumed the risk. (57 Am. Jur. 2d, Negligence, Sec. 287.) Assumption of the risk is a matter of law where the facts are undisputed and present a situation so plain that different conclusions may not be drawn. 65A C.J.S., Negligence, Sec. 251(2).

■ The mere fact that an employee exposed himself to an abnormal risk because he feared that if he did not do this he would lose his position is not considered evidence of legal constraint, and does not make his exposure to the risk involuntary. 65A C.J.S. Negligence Sec. 174(a) note 67.5.

■■ It also has been held that one who assumes the risk of injury assumes also the risk of consequential injuries or damages, whether or not he could foresee them. C.J.S. *supra*, sec. 174(4), note 87.

■■■ Further, we believe the plaintiff was guilty of contributory negligence as a matter of law. An essential element of contributory negligence as a matter of law. An essential element of contributory negligence is that the person to be charged therewith knew, or by the exercise of ordinary care should have known, of the circumstance or condition out of which the danger arose. It is incompatible with the exercise of due care for one's own safety and protection under ordinary circumstances voluntarily to expose one's self to danger of which one is aware for the reason that ordinarily prudent persons do not knowingly place themselves in position of peril or danger. 57 Am.Jur.2d, Negligence Sec. 323, 28 I.L.P., Negligence, Sec. 125.

The judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.