### 47358. McCLESKEY v. OLIN MATHIESON CHEMICAL CORPORATION et al.

EBERHARDT, Presiding Judge. This action brought by L. D. McCleskey, Jr., d/b/a Commerce Poultry Company, arose out of a fire at plaintiff's chicken-processing plant which was allegedly caused by the spontaneous combustion of a dry sanitizer known as HTH, manufactured and packaged in a drum by defendant Olin Mathieson Chemical Corporation and sold by it to defendant ABC Compounding Co., Inc., a wholesaler, which in turn sold it to defendant Athens Janitor Supply Company, Inc., a retailer, which sold it to plaintiff. Plaintiff contended defendants were liable to him on theories of negligence and of breach of implied warranty. At trial the court directed verdicts for all defendants on the theory of breach of implied warranty, directed verdicts for defendants Athens and ABC on the theory of negligence, and approved the jury verdict for defendant Olin Mathieson on the negligence theory. Plaintiff appeals. *Held:*

1. Verdicts for all defendants were demanded under both the negligence and warranty theories. While the evidence is too lengthy to detail here, it shows without dispute that there were elaborate, explicit instructions and warnings on the previously unopened drum of HTH that it was a powerful oxidant and that contact with any foreign matter, such as cleaners, soap products, oil, etc. would contaminate it and cause intense fire, and that only clean, dry containers should be used when handling it; that plaintiff's employee who opened the drum and began using the HTH did not bother to read the instructions and warnings, nor had he been instructed as to its proper use by his supervisor; that there was no contaminant or defect in the unopened drum of HTH which was "the common everyday so-called garden variety of HTH" manufactured by defendant Olin Mathieson since 1928 and used by plaintiff for a number of years, and that the chemical reaction responsible for the fire was not

spontaneous but was caused by a contaminant coming in contact with the HTH after the employee opened the sealed drum and began dipping it into a soap bucket which was kept open-side up in a broom.closet directly underneath ice-making machinery; and that the proximate cause of the fire was neither the condition of the product when manufactured or sold to plaintiff, nor the failure to warn against contamination, but the use of the product in a manner inconsistent with the instructions and warnings printed on the drum containing the product. See *Jacobs Pharmacy Co. v. Gipson,* 116 Ga. App. 760, 762 (159 SE2d 171); *Firestone Tire &c. Co. v. Jackson Transp. Co.,* 126 Ga. App. 471, 474 (191 SE2d 110), where we recently said that "a defendant may demonstrate in his defense that the product was in fact merchantable and fit for the purpose intended, or that if there was a deficiency in such regard there was no causal connection between the breach and the damages sued for, or that some other factor was the sole proximate cause of the damage." Cf. *Stovall & Co. v. Tate,* 124 Ga. App. 605, 607, 614 (184 SE2d 834); Gauthier v. Sperry Rand, Inc. (La. App.) 252 S. 2d 129 (3, 4).

2. The judge did not abuse his discretion in refusing to allow plaintiff to demonstrate that HTH can be made to burn violently and vigorously, since the judge found that the proposed demonstration was not based sufficiently on similar conditions and circumstances, and since in any event the fact sought to be demonstrated was established by the instructions and warnings on the drum of HTH and by other evidence and was thus cumulative. *Hudson v. State,* 46 Ga. App. 668 (168 SE 912).

3. If any error was committed by not allowing plaintiff's witness to answer the question, "Then [in] your expert opinion, are the labels that Mr. Loggins just read to you sufficient to warn a layman?" (but see, e.g., *Cone v. Davis,* 66 Ga. App. 229 (17 SE2d 849)), the error was harmless since plaintiff's employee neglected to read the labels and any insufficiency in labeling could not, therefore,

be considered the proximate cause of the fire.

4. Similarly, any error in excluding evidence which plaintiff contends was relevant to show that the HTH was labeled with inadequate warning is harmless since the labeling was not read.

5. Since verdicts were demanded for all defendants, any error in the charge to the jury does not require reversal.

6. In the view we take of the case, it is unnecessary to consider other contentions made by defendants with respect to their nonliability under the law of products liability.

*Judgment affirmed. Deen and Clark, JJ., concur.*

ARGUED SEPTEMBER 13, 1972—DECIDED SEPTEMBER 27, 1972.

*Warren L. Traver, R. Beverly Irwin,* for appellant.

*Greene, Buckley, DeRieux & Jones, Hugh Robinson, Gambrell, Russell, Killorin, Wade & Forbes, Sewell K. Loggins, Neely, Freeman & Hawkins, J. Bruce Welch,* for appellees.

