Russell Denton *et al.*, Plaintiffs-Appellants, *v.* Bachtold Brothers, Incorporated, Defendant-Appellee.

(No. 11530;

Fourth District—December 27, 1972.

Knuppel, Grosboll, Becker & Tice, of Petersburg, for appellants.

Gillespie, Burke & Gillespie, of Springfield, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs sued for injuries sustained by Russell Denton incident to his use of a type of rotary mower used for cutting weeds. The complaint is presented as incorporating causes of action in strict liability and negligence in design. The court directed a verdict for defendant at the close of plaintiffs' evidence. This appeal ensues.

Defendant filed affirmative defenses to the count in strict liability asserting that (1) Denton knew how to operate the mower; (2) that he knew that the rotary blades could be disengaged, but that he failed to do so; (3) that defendant proceeded to stand at the left front of the machine on the bank of newly mowed grass which he knew, or should have known, was slippery; (4) that he failed to turn off the engine or disengage the clutch controlling the blades before moving into a position of danger, and (5) that Denton unreasonably proceeded to encounter a known danger. Plaintiffs' answer to the affirmative defenses denied each allegation.

The rotary mower concerned has, as a feature, the capacity to mow tall weeds and along fence rows. For such use the blades project several inches beyond the front of the machine. There is a guard fitted to the right side of the machine, a similar guard is provided for the left side of the machine, but to mow tall weeds or along a fence row, such guard must be removed and the blades are exposed.

The machine has a throttle on one handlebar and on the other a device to operate a clutch which controls the propelling of the mower. The rotation of the blades is controlled by a clutch which is mounted on the engine.

Denton borrowed the mower from a neighboring farmer for the express purpose of mowing weeds and along the fence row. He was engaged in business as a contractor and was familiar with the operation of power tools and saws. While he had not operated this particular type of mower, the record shows that he saw the exposed blades as he was loading the mower into his truck, and he testified that prior to the injury he had expected to sharpen the blades before returning the borrowed mower. He further testified that he understood the operation of the machine by the use of the clutches and the throttle, and that he was aware of the danger when the blades were rotating.

As Denton was using the machine to mow weeds, he approached a barrel some three feet to the left of his path. He disengaged the driving clutch and stopped the machine, but did not release the clutch controlling the blades. He stepped to his left toward the barrel to move it so that the surrounding weeds could be mowed. As he worked to move the barrel his feet slipped on grass or weeds that had been mowed. It also

appears that there was some slope to the ground. By reason of such slipping, his feet came into contract with the rotating blades and he suffered injury. On cross-examination, he testified that he knew that it was dangerous to approach the revolving blades, but that he did not, at that time, pay any attention to them.

■■ The court, in ruling upon the motion, essentially determined that under *The Restatement of the Law of Torts*, 2d, par. 402A, a product is defective for purposes of the rule or strict liability:

> "[O]nly where the product is, at the time it leaves the seller's hands, in a condition not contemplated by the ultimate consumer, which will be unreasonably dangerous to him."

The court reviewed a number of Illinois authorities, as well as authorities from other States, and concluded that in each where the recovery was granted, the product contained a concealed or unexpected hazard in its use. In *Dunham v. Vaughan & Bushnell Mfg. Co.*, 42 Ill.2d 339, 247 N.E.2d 401, it is said that for purposes of strict liability:

> "[P]roducts are defective which are dangerous because they fail to perform in the manner reasonably to be expected in light of their nature and intended function."

Within such context this mower was not defective or unreasonably dangerous for the danger was not only open and apparent, but had been actually observed and was known to Denton, and it is clear that he was aware of, and knew of the means to obviate the danger by use of the clutch—but, as he said, he paid no attention to it.

■■ The substance of the court's remarks further suggests that upon Denton's admitted knowledge of the hazards of the rotating blades and his knowledge of the proper use of the machine through the clutches, recovery was barred as to strict liability upon the principle of the assumption of the risk as stated in *Williams v. Brown Mfg. Co.*, 45 Ill.2d 418, 261 N.E.2d 305.

Here, plaintiffs argue that a known hazard can be unreasonably dangerous and that warning messages should have been placed upon the machine. In the light of the actual knowledge shown, there is no reason to believe that Denton would pay any greater attention to such messages than he did to his actual knowledge.

■■ Plaintiffs introduced "expert" opinion that the machine could be equipped with a form of "deadman's throttle" so that the blades would disengage if a hand was taken from the steering bars, and thus the machine would be more safe. This theory argues a duty to make a product proof against all accident. No authorities are cited which supports such view. It is not the rule either within the definition of products or manufacturer's liability or of negligence.

By reason of Denton's own testimony of his knowledge of the hazard and the safe way to use the machine, it does not appear that there is an issue of fact for the jury as was the case in *Brown v. Williams*.

■■ The facts demonstrate that upon the negligence count, Denton was guilty of contributory negligence as a matter of law. It is thus proper that the case be determined under the rule of *Pedrick*, 37 Ill.2d 494, 229 N.E.2d 504.

The judgment is affirmed.

Judgment affirmed.

SMITH, P. J., and SIMKINS, J., concur.