ERNEST RALSTON, Plaintiff-Appellee, *v.* ILLINOIS POWER COMPANY *et al.*, Defendants—(DAVIS MANUFACTURING, INC., Defendant-Appellant.)

(No. 11942;

Fourth District—July 19, 1973.

French L. Fraker, of Dobbins, Fraker & Tennant, of Champaign, for appellant.

Jay H. Janssen, of Peoria, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

This appeal arises out of a personal injury action brought against defendants Davis Manufacturing, Inc. and Illinois Power Company by the plaintiff Ernest Ralston. The complaint against the defendants contained three counts: Count I was against Illinois Power and based on a negligence theory; Count II also sounded in negligence and was directed against Davis Manufacturing, Inc.; and Count III was based on the theory of products liability brought solely against Davis Manufacturing, Inc.—the maker of a trencher with a hydraulic boring attachment.

Illinois Power and Davis Manufacturing filed motions for summary judgment as to all three counts. The trial court granted the motions as to the negligence counts; however, it rejected Davis Manufacturing's motion as to Count III. Davis Manufacturing then filed a motion under Supreme Court Rule 308 for a finding by the trial court to permit it to

enter an application for leave to appeal. The trial court granted the application which was filed and granted by this court.

The single issue identified on appeal by the trial court is: "Did the acts and conduct of the Plaintiff, Ernest Ralston, as admitted by him in his deposition taken in this cause on July 18, 1969, constitute 'assumption of the risk' by him, as a matter of law, thereby barring recovery by him."

Defendant's motion for summary judgment as to Count III was accompanied by a copy of the plaintiff's discovery deposition. The deposition contained certain admissions made by the plaintiff that he had knowledge of the danger involved by his action yet voluntarily and deliberately exposed himself to the risk of attending such conduct. The defendant submits that in light of these admissions the plaintiff should be barred as a matter of law from recovering under Count III.

The following facts stand uncontroverted. The plaintiff was employed by Martin-McAuliffe Co., a company that had contracted with Illinois Power to install gas lines under various streets in Champaign, Illinois. In the installation of these gas lines it was necessary for employees of Martin-McAuliffe Company to use trenching equipment owned by Illinois Power Company and manufactured by the appellant. The trenching equipment was capable of being converted to a device that could bore holes under streets where it was not feasible to dig trenches. The conversion is accomplished by connecting the boring device to a power take-off attachment of the trencher and an auger rod is then connected to the boring device. An auger rod consists of a 20' length of pipe approximately 2" in diameter. A boring or drilling bit is attached to the end of an auger rod which in turn does the actual boring when the power take-off is activated.

When the plaintiff was injured, there were rods 100' in length in use. Due to this length, the rods were very flexible and consequently when the boring bit hit a solid object, the rods would buckle and bend upwards instead of remaining horizontal. The day the plaintiff sustained his injury the boring rod buckled up three times as the result of hitting hard materials. When the rod buckled for the third time, the plaintiff stood on the exposed part of the rotating rod pursuant to an order given him by his supervisor. While standing on the rod, the operator of the trenching device reversed the direction of the rotating rod, thereby causing the plaintiff's pantleg and foot to become entangled in the rotating rod and resulted in the injury to the plaintiff's left leg. Eventually the plaintiff's left leg below the knee had to be amputated.

Plaintiff admitted in his discovery deposition that he had worked with the trenching and auger equipment prior to the accident and that he had stood on the rod on several other occasions. He admitted that he

knew that the procedure in which he was injured was dangerous. Moreover, he stated that he had admonished his foreman several times about the hazardous nature of this procedure and that he had realized the possible eventuality of an accident such as that which occurred.

■■ In *Williams v. Brown Mfg. Co.*, 45 Ill.2d 418, 426, 261 N.E.2d 305, 310, it was announced that contributory negligence is not a defense to an action of strict products liability, but that assumption of risk is. The court stated "that 'assumption of risk' is an affirmative defense which does bar recovery, and which may be asserted in a strict liability action notwithstanding the absence of any contractual relationship between the parties." The court went on to note that the test to be resorted to in determining whether one has assumed the risk is "fundamentally a subjective test, in the sense that it is *his* knowledge, understanding and appreciation of the danger which must be assessed, rather than that of the reasonably prudent person [citation] * * *".

■■ Essentially, an individual assumes a risk when that person recognizes and understands the dangerous condition of a product and yet voluntarily and unreasonably proceeds to use the product "in disregard of this known danger." (*Sweeney v. Matthews & Co.*, 46 Ill.2d 64, 66, 264 N.E.2d 170, 171.) In other words, the party expressly or implicitly consents to taking his chances of harm from a particular risk known to him and created by a manufacturer. *Denton v. Bachtold Bros., Inc.*, 8 Ill.App.3d 1038, 291 N.E.2d 229.

The factual circumstances and issues of this case are quite similar to those found in *Fore v. Vermeer Mfg. Co.*, 7 Ill.App.3d 346, 287 N.E.2d 526. In the *Fore* case, the court found that plaintiff made certain admissions in his discovery deposition, the substance of which was that he had actual knowledge of the danger complained of and understood the risk involved, yet he deliberately exposed himself to such risk. The court held that "as a matter of law he assumed the risk" and affirmed the trial court's granting of summary judgment against the plaintiff.

■■ Plaintiff attempts to explain away his assumption of risk by submitting that he acted as he did because of a directive from his foreman. An employee cannot exculpate himself from the legal consequences of his acts on the grounds that he is fearful of losing his job if he does not comply with his superior's orders. The fact remains that the plaintiff knew and appreciated the risk and still voluntarily assumed it. An order from a superior "does not make his exposure to the risk involuntary." *Fore v. Vermeer Mfg. Co.*

■■ In *Kirby v. General Motors*, 10 Ill.App.3d 92, 293 N.E.2d 345, this court held that statements made by the plaintiff in a discovery deposition amounted to admissions of an assumption of risk that was known to him;

and that as a matter of law, summary judgment had to be entered in favor of the defendant. We stated:

> "Where, as in this case, there is no genuine issue of material fact, and the court finds as a matter of law that there is a complete defense to the cause of action, it is not only proper, but it is the duty of the trial court to enter summary judgment for the defendant. [Citations.]"

■■ In this case, the plaintiff's admissions stand uncontroverted. It is an established fact that he was aware of the risk involved in standing on the rotating auger and that he deliberately exposed himself to such risk; therefore, as a matter of law he assumed the risk and is barred from recovering from the appellant.

The judgment of the trial court denying the motion of Davis Manufacturing, Inc. for summary judgment is reversed and this cause remanded with directions to grant the motion and enter judgment accordingly.

Reversed and remanded.

TRAPP and SIMKINS, JJ., concur.