48060, 48061. PARZINI v. CENTER CHEMICAL COMPANY et al. (two cases).

Quillian, Judge. These two cases involve suits brought by Archie A. Parzini and his wife for recovery of injuries sustained by Archie Parzini when he was injured by a bottle of drain solvent which spewed on his face and forehead. The solvent in question was manufactured by the defendants Center Chemical Company and Oxford Chemical Company. At the trial of the case a verdict

was directed for the defendants. From the judgment entered thereon appeal was taken to this court. *Held:*

1. One of the theories on which the plaintiffs predicate their right to recovery was that it was negligent to place sulphuric acid in the plastic bottle which was used as a container by the defendants. It was contended that the bottle was flimsy so that when the plaintiff attempted by force to open the bottle that it caused the sulphuric acid to squirt out on him.

There was evidence that plastic was required as a container for sulphuric acid; that it, indeed, was the best substance to use as a container for this dangerous substance. There was no evidence, however, that the particular type of plastic bottle used was the safest or even that it was safe.

The jury, of course, was authorized to disregard opinion testimony as to the bottle. Whether the bottle was or was not safe was for their determination and not for the determination of the court as a matter of law. Hence, as to this issue the trial judge erred in directing a verdict for the defendants.

2. The plaintiffs contended that the labeling used on the bottle was insufficient and constituted negligence on the part of the defendant. Under *McCleskey v. Olin Mathieson Chemical Corp.,* 127 Ga. App. 178, 179 (193 SE2d 16), the evidence shows that Mr. Parzini did not read the warning and therefore any inadequacy with regard to such warning would not be the proximate cause of his injuries. For this same reason, any error committed in disallowing a question as to whether the label on the plastic container adequately warned the user of the dangers was harmless since the label had not been read. *McCleskey v. Olin Mathieson Chemical Corp.,* 127 Ga. App. 178, 180, supra.

3. The remaining enumerations of error are without merit.

*Judgments reversed. Bell, C. J., and Deen, J., concur.*

ARGUED APRIL 2, 1973 — DECIDED SEPTEMBER 14, 1973 — REHEARING DENIED OCTOBER 11, 1973 — 

*William R. Parker,* for appellants.
*Neely, Freeman & Hawkins, Paul M. Hawkins,* for appellees.