49247. ELLIS v. RICH'S INC. et al.

Pannell, Judge.

Defendant Westwood Import Company purchased thousands of fondue pots from Ling Metal Manufacturing Company, Taipai, Taiwan, and as part of their business sold orders for the pots to various retailers throughout this country, to include defendants Rich's Inc., and Richway, Inc., using samples furnished by Westwood. Westwood furnished specifications to the manufacturer concerning color and possibly the labeling of the boxes in which shipped. The packaged merchandise is shipped direct to the retailer without inspection by Westwood, except in those instances where original cartons are damaged. Prior to December, 1970, a Mrs. Brake purchased four fondue pots from Richway, giving one to plaintiff as a Christmas present, after wrapping the original, unopened container. Plaintiff's husband assembled the pot to the extent of affixing the handle. The pot was used in the Ellis household on four or five occasions prior to the incident on February 28, 1971. On that date, plaintiff took the pot from the den of their home to the kitchen for the purpose of reheating the oil contents. Returning to the den, the pot tipped and the hot oil spilled over her legs, causing burns. She had never encountered difficulty with the pot before the incident. No other purchaser had complained of any malfunction to any of the appellees. The pot bore the inscription "Made in Taiwan" on the bottom. An engineer testified that the design of the pot was faulty and improper.

Plaintiff brought suit against Rich's, Inc., Richway, Inc., Westwood Imports Company, Inc., and Ling Metal

Manufacturing Company, alleging that the pot had been defectively designed and that defendants were liable to her on the basis of implied warranty; negligence in allowing the manufacture, importing, distribution, and sale of the defective product; and, strict liability in tort. All defendants, except Ling Metal Manufacturing Company filed answers. Subsequently, Rich's, Richway and Westwood Imports filed motions for summary judgment. Following a hearing, the motions were granted and this appeal ensued. *Held:*

1. Appellant initially enumerates that the trial court erred in failing to impose upon appellee, Westwood, the same standard as that imposed under Ga. L. 1968, pp. 1166, 1167 (Code Ann. § 105-106) and in refusing to deny appellee's motion for summary judgment. We find no error. The subject law is clear and unambiguous. It is directed to the *manufacturer* of any personal property sold as new property and here all parties concede that Westwood was not the manufacturer. Appellant postulates, however, that the idea of holding a distributor to the same standard of care as the manufacturer is not novel and relies on the cases of Moody v. Sears, Roebuck & Co., 324 FSupp. 844 (S. D. Ga., 1971) and Media Pro. Consult, Inc. v. Mercedes Benz of N. A., Inc., 262 La. 80 (262 S2d 377) (1972). Neither case supports appellant's contention. In Moody, the court merely held that since Sears' trade name "Craftsman" appeared on the article that there was nothing to show that anyone but Sears was involved. The district court, however, recognized the liability law of Georgia as contained in *King Hardware Co. v. Ennis,* 39 Ga. App. 355, 360 (147 SE 119), wherein it was held: "It is the general rule that a vendor or dealer who is not the manufacturer is under no obligation to test an article purchased and sold by him for the purpose of discovering latent, or concealed defects, but that when he purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous quality, and with nothing tending reasonably to call his attention thereto, he is not negligent in failing to exercise care to determine whether it is dangerous or not. In such a case, he may assume that the manufacturer has done his duty in properly

constructing the article and in not placing upon the market a commodity which is defective and likely to inflict injury. [Citations omitted]."

In Media, supra, the Supreme Court of Louisiana in reversing distinguishes the prevailing law by holding that in the basic distribution agreement the appellee had assumed total responsibility for marketing cars in the United States and for selling, servicing and establishing franchise dealerships. Further, that its name appeared on the "Dealer's Claim Policies and Procedures Manual," and on the owner's automobile manual. The court also noted that appellee operated a vehicle distribution center and inspected, adjusted and prepared automobiles for placement in the hands of a dealer for retail sale. All of which, it was held, reflected that appellee occupied the position of a manufacturer insofar as American consumers are concerned. To hold as appellant would have us is to invade the province of the legislature and this we cannot do. The enumeration is without merit.

2. Appellant enumerates that the trial court erred in refusing to hold Westwood Imports Company, Rich's, Inc., and Richway, Inc., strictly liable for the injuries sustained by the appellant. In *Stovall & Co. v. Tate,* 124 Ga. App. 605, 614 (184 SE2d 834) this court said: "Georgia has not adopted the doctrine of strict liability, a doctrine under which a plaintiff need not prove negligence, a doctrine under which the highest degree of care by a manufacturer is no defense. If there be a departure in product liability law from 'liability for fault' to 'liability without fault,' it shall be via legislative enactment." The enumeration is without merit.

3. The remaining enumerations of error have been considered and are found to lack merit.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

ARGUED APRIL 5, 1974 — DECIDED JUNE 27, 1974 — REHEARING DENIED JULY 17, 1974 —

*Scheer & Elsner, Robert A. Elsner,* for appellant.
*Nall, Miller & Cadenhead, James C. Gaulden, Jr.,*

*Lokey & Bowden, Glenn Frick,* for appellees.