## 49653. PARZINI et al. v. CENTER CHEMICAL COMPANY et al.

DEEN, Presiding Judge.

Parzini and two other restaurant employees, attempting to open a plastic bottle of drain cleaner, were injured when after an unsuccessful attempt to open the bottle Parzini held it tightly while a co-worker removed the top with a pair of pliers, as a result of which the liquid, alleged to be almost pure sulphuric acid, squirted into the air and fell on the plaintiff's head, severely burning and blinding him. A jury trial resulted in a verdict for the defendant manufacturer from which plaintiff appeals. *Held:*

1. We are forced to the conclusion that to the extent that breach of an implied warranty is a *contract* notion, the plaintiff, being an employee of the purchaser rather than a "person who is in the family or household of his buyer or who is a guest in his home" may not rely on express or implied warranties of the manufacturer because of lack of privity. Code Ann. § 109A-2—318. For a remedy we must look to the action of the legislature, not the courts. As was pointed out in *Chaffin v. Atlanta Coca Cola Bottling Co.,* 127 Ga. App. 619, 620 (194 SE2d 513) where a middleman was involved: "There is once again a gap in the law between the manufacturer and a buyer who purchases from a wholesaler or retailer in the distributive chain." Here there is a gap between the employee of the buyer and the wholesaler.

2. However, by Code Ann. § 105-106 an attempt was made to fill the lacuna with the language: "However, the manufacturer of any personal property sold as new property, either directly or through a dealer or any other person, shall be liable in tort, irrespective of privity, to any natural person who may use, consume or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended and its condition when sold is the proximate cause of the injury sustained; a manufacturer may not exclude or limit the operation hereof."

Merchantability and suitability for the use intended are implied warranties. Code Ann. § 109A-2—314, 109A-2—315. In this manner warranty, which was in its origin a concept arising out of tort liability (Restatement, Law of Torts 2d, § 402A, p. 355) and from there removed to contract, again spreads beyond the confines of contract law in that it removes the necessity for privity. Further, as was pointed out by Taylor, Georgia's New Statutory Liability for Manufacturers: An Inadequate Legislative Response, Vol. 2, Ga. L. Rev., pp. 538, 563: "Certainly, it seems implicit in the section that negligence need no longer be shown as a requisite to recovery in tort"; pointing out, however, certain ambiguities in the language used. These have in large measure been cleared up by the recent case of *Ellis v. Rich's, Inc.,* 233 Ga. 573, holding that Code Ann. § 105-106 "does impose a degree of strict liability upon manufacturers," and holding erroneous the statement in *Ellis v. Rich's, Inc.,* 132 Ga. App. 430, 432 (208 SE2d 331), the statement quoted from *Stovall & Co. v. Tate,* 124 Ga. App. 605, 614 (184 SE2d 834) that Georgia has not adopted the doctrine of strict liability under which proof of negligence is eliminated. The Supreme Court further stated: "In addition, the 1968 amendment to Code Ann. § 105-106 imposes 'strict liability' upon the manufacturers of new personal property for injury to persons and property irrespective of privity." This construction is in line with the trend throughout the country. See Greenman v. Yuba Power Products, Inc., 59 Cal2d 57 (377 P2d 897, 13 ALR3d 1049); Goldberg v. Kollsman Instrument Corp., 12 N. Y. 2d 432 (191 NE2d 81). Therefore, although the trial court was correct in not submitting the case to the jury on the implied warranty theory, as contended in the fifth enumeration of error, Code Ann. § 109A-2—314 defining the implied warranty of merchantability is involved under Code Ann. § 105-106. The plain purport of Code Ann. § 105-106 is that if, when sold, the article manufactured by the original maker violates the implied warranties of merchantability and suitability for the use intended, and if such violation by the manufacturer, regardless of the reason therefor, is the proximate cause of injury sustained by the user, provided the user is a

natural person who uses, consumes, or reasonably might be affected by the property, the manufacturer is liable. Under merchantability may be considered such questions as whether a drain solvent consisting of 95% to 99-1/2% pure sulphuric acid is unmerchantable and dangerous because too potent for ordinary use. We reach the same result whether we construe the Code section to say that when the conditions therein appear strict tort liability applies and negligence is irrelevant, or whether, because the statute specifies that where the conditions apply the defendant is "liable in tort" we interpret it as meaning that when the conditions apply the negligence of the manufacturer sufficiently appears. "Negligence" as such is not a magic word, and a tort is by definition no more than the unlawful violation of a private (noncontractual) legal right. Code § 105-101. In such a case the law steps in and equates the selling by a manufacturer of a product which is unmerchantable and unsuitable for the purpose intended with a prohibited lack of due care for the legal rights of potential users. Because of certain notions inherent in the doctrines, however, it is better to confine instructions on negligence to the traditional tort prong of the attack and not to inject it into instructions relating to strict tort liability. In the same way, contributory negligence applies to negligence cases only and assumption of risk to strict tort liability cases, although they are so similar that this frequently becomes a distinction without a difference.

Again, that part of Code Ann. § 105-106 here dealt with tracks former Code § 96-307 (repealed, Ga. L. 1962, pp. 156, 427) except that in the latter, eliminating privity, the manufacturer *warranted* to the ultimate consumer that the article sold was merchantable and reasonably suited to the use intended, whereas in the former, where these warranties are breached, the manufacturer is *liable in tort*. In either case we deal with a breach of two conditions which are in fact implied warranties. In *Wood v. Hub Motor Co.,* 110 Ga. App. 101, 105 (137 SE2d 674) construing former Code § 96-307 it was stated: "Negligence is not an element of breach of warranty. If goods do not conform to the warranty, the warrantor's utmost care will not relieve him of liability." The second

sentence, made as a requested charge, refused by the trial court, and enumerated as error no. 19, would be a proper instruction, but it would be better, in giving the strict tort liability rule, to omit instructions possibly confusing to the jury on either negligence or breach of warranty as such. Enumerations of error 6, 13, and 21 are well taken. Enumerations 5, 9, 14, 18 and 26 do not show reversible error as they appear in one way or another to deal with implied warranties under the traditional contract phraseology.

3. Enumeration of error 29 complains of the disallowance of a deposition on the ground that a proper foundation had not been laid in that the witness who gave the deposition had not been subpoenaed. This enumeration is not passed upon as not likely to recur.

4. The evidence being in conflict, the first four enumerations of error are without merit.

5. Enumerations of error 20, 21 and 27 are without merit. As to those remaining, the law of the case is as established in *Parzini v. Center Chemical Co.,* 129 Ga. App. 868 (201 SE2d 808) to the effect that "Mr. Parzini did not read the warning and therefore any inadequacy with regard to such warning would not be the proximate cause of his injuries." Code Ann. § 81A-160 (h). We do not pass on the specific enumerations at this time. A majority, but not all, of the members of the court are of the opinion that the language used is broad enough to include a failure to direct attention to the warnings which were on the bottle.

*Judgment reversed. Stolz and Marshall, JJ., concur.*

ARGUED SEPTEMBER 6, 1974 — DECIDED MARCH 20, 1975 — REHEARING DENIED APRIL 2, 1975 — ■

*William R. Parker,* for appellants.

*Neely, Freeman & Hawkins, Paul M. Hawkins, William Q. Bird,* for appellees.