### 49653. PARZINI et al. v. CENTER CHEMICAL COMPANY et al.

DEEN, Presiding Judge.

1. The facts of this case are briefly stated in our opinion and judgment of March 20, 1975, appearing in 134 Ga. App. 414. Parzini, a restaurant employee, attempted to open a bottle of drain cleaner manufactured by the defendant in order to pour it down a sink drain for cleaning purposes. The liquid was in fact almost pure sulphuric acid. It was packaged in a flexible plastic bottle which would yield to the pressure of a firm hand grip. The top of the bottle, which had been machine tightened, could not be removed by Parzini's efforts. He asked another employee to remove the top, and the latter also failed in his efforts. The men then got a pair of pliers, and one held the bottle while the other attempted to unscrew it, with the result that when the top came off the liquid squirted into the air and fell on the plaintiff's head, severely burning and blinding him.

The judgment on a defendant's verdict was on appeal reversed by this court in the above cited opinion. The Supreme Court granted certiorari and, in *Center Chemical Co. v. Parzini,* 234 Ga. 868 (218 SE2d 580), that court reversed Division 2 of our prior opinion, at the same time giving expression to the rules of products liability tort law in this state with admirable clarity and conciseness. We accordingly vacate Division 2 of our prior opinion and, in accordance with the mandate of the Supreme Court, pass on the remaining enumerations of

error of the appellant. Quotations, unless otherwise specified, are from the cited Supreme Court opinion which constitutes the law of this case.

2. The court charged: "The law provides that if the plaintiffs recover in their cases they must recover upon some one or more of the allegations of negligence which this court has instructed you to consider." The sixth enumeration of error rightly urges that the court erred in so restricting the case to negligence when it should have been submitted to the jury on the theory of strict liability in tort. "Code Ann. § 105-106 imposes liability upon the manufacturer of personal property sold as new property . . . to any natural person who may use, consume or reasonably be affected by the property and who suffers injury . . . We hold further that the claimant is not required to prove negligence under Code Ann. § 105-106 . . . All of the authorities supporting the doctrine of strict liability in tort have recognized the necessity that the plaintiff establish that there was a 'defect' in the defendant's product . . . We construe . . . Code Ann. § 105-106 to mean that the plaintiff must show that the manufacturer's product when sold by the manufacturer was defective . . . Under Code Ann. § 105-106 the question is whether the product was defective in its manufacture, its packaging, or the failure to adequately warn of its dangerous propensities . . . 'No reason is apparent for distinguishing between the product itself and the container in which it is supplied; and the two are purchased by the user or consumer as an integrated whole.' "

While the court did grant a request to charge that if the jury should find the bottle of drain solvent was defective, and this proximately caused the injury, the plaintiff could recover, he also instructed them that unless they found the defendants were *negligent* that would end the investigation and they should return a verdict for the defendants. It is thus obvious that the doctrine of strict tort liability as it applies to this case was *not* charged by the court. The evidence would have authorized such a charge, and the plaintiff objected to its omission. This is error requiring reversal. It was also error to fail to charge in the language of the request set out in the 13th enumeration of error: "If you find that

the defendants manufactured and sold a drain solvent in a plastic bottle which caused injury and damage to the plaintiffs because this product as manufactured and packaged was not merchantable and reasonably suited to the use intended and its condition when sold was the proximate cause of the injury sustained, you should return a verdict for the plaintiffs."

3. Insofar as they seek to have the court charge the jury on implied warranties on a breach of contract theory, Enumerations 5, 9, 10, 15, 16, 17, 18, 19 and 26 are without merit, as pointed out in Division 1 of our former opinion.

4. Enumerations of error 7 and 11 are without merit. "Strict liability is not imposed under the statute merely because a product may be dangerous . . . If they are properly prepared, manufactured, packaged, and accompanied with adequate warnings and instructions, they cannot be said to be defective." This ruling also applies to enumerations of error 20, 21 and 27 insofar as they predicate liability on the mere fact that the product sold may be intrinsically dangerous. "Many products cannot be made completely safe for use and some cannot be made safe at all."

5. The court correctly charged that it could not return a verdict for Mrs. Parzini, the wife, unless as a condition precedent it also returned a verdict in favor of the injured husband. These complaints were separately filed, but tried together, and differed only in the alleged measure of damages. This court settled the issue in *Jarrett v. Parker,* 135 Ga. App. 195 (3) (217 SE2d 337) in which case it followed *White v. Hammond,* 129 Ga. App. 408, 410 (199 SE2d 809) and disapproved a contrary holding in *Nickle v. Armstrong Furniture Co.,* 107 Ga. App. 362 (130 SE2d 249). Where suits for damages by a husband or wife and the spouse are filed and heard separately, and the testimony, witnesses and instructions are not in all particulars the same, the verdict in the latter action will not be controlled by the former, but where the cases are tried together, and therefore alike in every particular, the spouse cannot recover if there is a finding against liability in the case of the injured spouse.

6. In accordance with the mandate of the Supreme Court, Division 5 of our original opinion is hereby vacated and restated in order to pass specifically upon the enumerations of error involved.

"Under Code Ann. § 105-106 the question is whether the product was defective in its manufacture, its packaging, or the failure to adequately warn of its dangerous propensities. If so, the question arises here as to whether the user knew of the defect and the danger it presented but proceeded unreasonably to use the product."

When the case was first appealed to and reversed by this court on the direction of a verdict in favor of the defendant ( *Parzini v. Center Chemical Co.,* 129 Ga. App. 868 (201 SE2d 808)), it had been tried on a negligence theory alone, and this court held, citing *McCleskey v. Olin Mathieson Chemical Corp.,* 127 Ga. App. 178 (4) (193 SE2d 16), to the effect that any inadequacy in the charge regarding negligence in failing to place adequate warnings on the bottle, if they were in fact inadequate, was harmless error because the plaintiff admitted that Mr. Parzini did not read the label. This ruling constitutes the law of the case insofar as any theory of recovery based on negligence is concerned. The plaintiff had a duty, in the exercise of ordinary care for his own safety, to make use of the product in accordance with the directions and warnings of the manufacturer. Failure to do so would constitute contributory negligence which would bar recovery.

On the strict liability in tort theory, as the Supreme Court has pointed out in this case, the issues are somewhat different. The jury is first to determine whether the product was defective. In this it has for consideration the manufacture, the packaging, and the warnings connected with its use. If the jury finds the product defective, it next considers whether the user knew of the defect and danger, and whether his use of the product in view of this knowledge was unreasonable. If so, the plaintiff may not recover on this legal theory. Thus, contributory negligence applies to the negligence theory of action, whereas assumption of risk applies to the strict liability theory. As stated in Restatement, Torts

2d, § 402A, Comment n, contributory negligence of the plaintiff is not a defense in the latter event, when the negligence consists merely of a failure to discover the defect in the product or to guard against the possibility of its existence. "Similarly, contributory negligence consisting of a careless act by the injured person with respect to the product is no defense, where the actual cause of the injury arises from an unanticipated defect in the product itself, and not from the careless act of the plaintiff." 63 AmJur2d 154, Products Liability, § 150. If, on the other hand, the plaintiff knows and appreciates the risk and still voluntarily assumes it, there can be no recovery. Ralston v. Ill. Power Co., 13 Ill. App. 3d 95 (299 NE2d 497).

Enumerations of error 8, 12, 22, 23, 24 and 25, insofar as they refer to negligence, or are predicated on a negligence theory of recovery, are inapposite in view of the decision in *Parzini,* supra, 129 Ga. App. 868, which constitutes the law of the case. The question under the strict liability theory, however, is whether the product was defective in that there was a failure to adequately warn of its dangerous propensities. If so, the jury should look to the evidence to see whether the plaintiff knew these facts and nevertheless assumed the risk of its use in the manner in which it was used, so as to bar him from recovery.

*Judgment reversed and remanded for new trial. Stolz and Marshall, JJ., concur.*

ARGUED SEPTEMBER 6, 1974 — DECIDED OCTOBER 21, 1975 — REHEARING DENIED NOVEMBER 4, 1975 —

*William R. Parker,* for appellants.
*Neely, Freeman & Hawkins, William Q. Bird, Paul M. Hawkins,* for appellees.