DANIEL E. CUNNINGHAM, Plaintiff-Appellant, v. YAZOO MANUFACTURING COMPANY *et al.*, Defendants-Appellees.

Third District   No. 75-138

Opinion filed May 31, 1976.—Rehearing denied July 28, 1976.

Vonachen, Cation, Lawless, Traeger & Slevin, of Peoria (John Slevin, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, and McConnell, Kennedy, Quinn & Morris, both of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Daniel Cunningham, after being injured in a riding mower accident, filed this product liability action based upon strict tort liability against Yazoo Manufacturing Company, the manufacturer of the mower, and against Central Distributing Company, the dealer who sold the mower to plaintiff's employer, the Fondulac Park District in East Peoria, Illinois. At the close of plaintiff's case defendant's motion for a directed verdict was granted, and plaintiff appeals.

As grounds for reversal, plaintiff asserts that the trial court erred in excluding certain evidence and that, considering plaintiff's evidence in its entirety, a directed verdict was improper. Because we find that it was

reversible error to exclude portions of the testimony of plaintiff's expert witness, we will set forth only the evidence necessary to our discussion of that issue.

On the afternoon of the accident, plaintiff, who was 21 years old, was operating a Yazoo Industrial Riding Mower on the crest of a hill in the picnic area of Fondulac Park. As he was mowing slowly near a tree, the mower started to go backwards down the hill which had a 13° incline. Plaintiff was unable to slow down or stop the mower before it struck a sidewalk about 15 to 20 feet downhill. The jolt threw him from the mower which apparently passed over his left hand, severing his thumb.

The customary method of braking this mower was by shifting the forward-reverse lever to the opposite direction. Thus, when the mower was moving backwards, shifting to forward would stop the mower, and vice-versa, but the forward-reverse lever would brake the mower only if the high-low lever, which controlled speed, was in gear. If the high-low lever was disengaged, the forward-reverse lever would not operate as a brake. The mower was also equipped with a foot-operated friction brake which plaintiff and other employees had found to be ineffective, and seldom used. According to the instruction manual furnished by Yazoo, the foot brake would not function while the mower was in gear. Plaintiff had used the foot brake a few times but not while mowing, and he did not attempt to apply the foot brake when the mower started to roll downhill immediately prior to his injury. The mower was in gear, and plaintiff stated that he used the forward-reverse lever in an effort to brake the mower, but it failed to slow or stop the machine.

Since plaintiff has founded his cause of action on a strict liability theory, alleging that the machine was in a defective and unreasonably dangerous condition when it left the defendant manufacturer's control (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 623, 210 N.E.2d 182), plaintiff sought to establish, among other things, that as a result of defective design the forward-reverse lever could, without warning, become inoperable as a braking device if the high-low lever were accidentally disengaged, and that the location of the high-low lever made it possible for the lever to be disengaged inadvertently by the operator's knee.

■■ After plaintiff's expert witness, Dr. Wesley F. Buchele, described the tests he had performed on the mower, the trial court sustained an objection to the following question:

> "Now Doctor, based upon the tests in February, and the results you have disclosed to us, are you able to formulate any opinion, based on a reasonable degree of scientific certainty, as to whether or not the design of the machine's braking mechanism was or was not in a dangerous condition?"

Two grounds were stated for the objection. First, that the witness was not qualified as an expert on braking systems because he had not stated his experience in that field, and, second, that opinion testimony would invade the province of the jury. This evidence was wrongfully excluded. The witness had clearly established his expertise as to safety engineering and design of agricultural equipment, including riding mowers, and had conducted various tests, including braking tests, on this particular mower. Dr. Buchele was competent to testify about the design of the braking mechanism. The extent of his experience with braking systems goes only to his credibility, and not to his competence.

Recent decisions hold that an expert opinion regarding the ultimate issue is properly admissible where the matters involved are beyond the knowledge and understanding of the average person, since the jury is not required to accept the opinion. (*Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, 273 N.E.2d 809; *Scott v. Dreis & Krump Manufacturing Co.* (1st Dist. 1975), 26 Ill. App. 3d 971, 326 N.E.2d 74; *Matthews v. Stewart Warner Corp.* (1st Dist. 1974), 20 Ill. App. 3d 470, 314 N.E.2d 683.) Since the safety of the design of a braking system is a fairly complex matter, involving specialized knowledge, Dr. Buchele should have been allowed to answer the question.

■■ The same witness was also precluded from testifying to design changes in mowers manufactured by Yazoo after this accident. We have held that evidence of a post-occurrence design change is relevant and material to the question of feasible design alternatives available to the manufacturer and should be admitted for that purpose. *Biehler v. White Metal Rolling & Stamping Corp.* (3d Dist. 1975), 30 Ill. App. 3d 435, 333 N.E.2d 716; *Sutkowski v. Universal Marion Corp.* (3d Dist. 1972), 5 Ill. App. 3d 313, 281 N.E.2d 749.

Both of these errors in excluding evidence were clearly prejudicial to plaintiff. The offer of proof indicated that the high-low lever was located where it could be bumped by the operator's knee and accidentally disengaged, and that such a position was an unreasonably dangerous design which could result in an unexpected failure of the forward-reverse lever braking system. In addition, Yazoo subsequently redesigned and relocated the high-low lever so that it could no longer be dislodged by the operator's knee.

When the trial court rendered its decision granting defendant's motion for a directed verdict, the court stated that the sole cause of the accident was plaintiff's inept operation of the mower, and that plaintiff had made no showing of a design defect which might have made the mower unreasonably dangerous. Had Dr. Buchele's testimony concerning the placement of the high-low lever been admitted, there would have been evidence of a possible design defect before the court.

Plaintiff testified that as the machine started backwards, his right hand was controlling the steering wheel and his left hand was operating the forward-reverse lever. Since the high-low lever was to the right of the steering wheel, it could be inferred that plaintiff did not manually disengage the high-low lever. Consequently, the failure of the forward-reverse lever to brake the mower could have been caused by either a complete malfunction or by an accidental disengagement of the high-low lever. Even assuming that the backward roll downhill began as a result of plaintiff's inept operation, the failure of the forward-reverse lever to brake the mower could still have been a contributing cause of plaintiff's injury.

■■ It was not necessary that plaintiff prove by direct evidence that a specific defect caused his injuries, to the exclusion of all other causes, since direct or circumstantial evidence that a condition or defect was merely a contributing cause is sufficient to establish a *prima facie* case under strict liability. (*Frisch v. International Harvester Co.* (1st Dist. 1975), 33 Ill. App. 3d 507, 338 N.E.2d 90.) Exclusion of Dr. Buchele's testimony denied plaintiff an opportunity to establish essential elements of his case. Consequently, the ruling on defendants' objection was reversible error.

Defendants argue that the directed verdict in favor of defendants can also be sustained on the ground that plaintiff's evidence established the affirmative defense of assumption of the risk as a matter of law, as was the case in *Fore v. Vermeer Manufacturing Co.* (3d Dist. 1972), 7 Ill. App. 3d 346, 287 N.E.2d 526. However, defendants do not point to any evidence which might tend to show that plaintiff knew of the particular dangerous condition or defective design which plaintiff is relying upon, *i.e.*, the unexpected failure of the forward-reverse mechanism to brake the mower when traveling backwards down a 13° incline. (See *Kinka v. Harley-Davison Motor Co.* (1st Dist. 1976), 36 Ill. App. 3d 752, 344 N.E.2d 655.) Consequently, we are unable to say the affirmative defense was proven as a matter of law, and we believe that further consideration of this issue would be premature.

The judgment of the circuit court is reversed and this cause is remanded for a new trial.

Reversed and remanded.

STOUDER, P. J., and BARRY, J., concur.