## 52610. COBB HEATING & AIR CONDITIONING COMPANY, INC. v. HERTRON CHEMICAL COMPANY.

MARSHALL, Judge.

Appellant, Cobb Heating and Air Conditioning Company, brought suit for property damage against Hertron Chemical Company, alleging negligence[1] by the latter in its manufacture of a terrazzo sealer and finish, which exploded and caught fire while being used by a janitor to polish a floor in appellant's store.

The facts, developed during discovery, show that the substance was packaged in a one gallon metal can with a 1 1/2 inch top through which to pour it. However, the substance was thick and had a tendency to solidify to a certain extent, making it difficult to pour. In order to liquefy the substance, the janitor had, for several years prior to the fire, heated it in an open container on an electric stove in appellant's shop. On this occasion he followed this "routine" by placing the one gallon can on the stove, loosening the top and then going to another part of the building. A short while later, there was an explosion and fire causing the damage for which appellant sues.

The metal container had affixed to the outside a large label which stated in large clear print: "Caution — Flammable Mixture. Do not use near fire or flame." The janitor stated that he could not remember looking at the label and that even if he did, he did not read the warning.

---

[1]No allegation is made of strict liability under Ga. L. 1968, pp. 1166, 1167 (Code Ann. § 105-106) presumably because the appellant is not a "natural person."

Hertron moved for summary judgment on the ground that the above facts established that there was no genuine issue as to any material fact and it was entitled to judgment as a matter of law. The trial court granted the motion and appellant appeals contending that it is entitled to jury consideration of two issues: (1) whether the label was ineffective to give a warning to those who would be foreseeably affected by it (*Stovall & Co. v. Tate,* 124 Ga. App. 605, 613 (184 SE2d 834)) and (2) whether the label was deficient in giving instructions as to how to safely use the product. Reddick v. White Consolidated Industries, Inc., 295 FSupp. 243 (S.D. Ga. 1969); Edwards v. California Chemical Co., 245 S2d 259 (Fla. App. 1971); Tampa Drug Co. v. Wait, 103 S2d 603 (Fla. 1958). *Held:*

The evidence presented clearly shows that the janitor who placed the container on the stove, though he could read, did not read the label. This court has held that any insufficiency of the warning on the label of a product may not be the proximate cause of the fire when the user fails to read the label. *McCleskey v. Olin Mathieson Chemical Corp.,* 127 Ga. App. 178 (3, 4) (193 SE2d 16). See also *Parzini v. Center Chemical Co.,* 129 Ga. App. 868 (2) (201 SE2d 808); *Parzini v. Center Chemical Co.,* 134 Ga. App. 414 (5) (214 SE2d 700), reversed on other grounds in 234 Ga. 868. See also approval of this rationale in the first part of the third paragraph of Division 6 of *Parzini v. Center Chemical Co.,* 136 Ga. App. 396 (6) (221 SE2d 475). *Stovall & Co. v. Tate,* 124 Ga. App. 605 (1), supra, cited by appellant holds that the warnings given were effective.

Appellant further contends that because the substance was nearly solid and could not be poured out of the container, it was the duty of the manufacturer to give instructions to a user as to how to safely liquefy the substance or make it usable. Such a theory of negligence may be plausible and may have support in some cases. See Reddick v. White Consolidated Industries, Inc., 295 FSupp. 243, supra; Tampa Drug Co. v. Wait, 103 S2d 603, supra. However, in those cases the user read the instructions printed on the label, and, was nevertheless injured. We see no reason why the same rationale stated in the *McCleskey* case and *Parzini* cases, cited above, does not apply to an allegation that the instructions for use are

inadequate, to wit, insufficient instructions as to use cannot proximately cause the injury where the user fails to read the label. Even if the label contained detailed instructions on how to safely liquefy the substance, and the manufacturer had thus measured up to its duty, it would not have prevented the fire if the user did not read those instructions. Indeed, if the user had read the label, he would have been instructed on one method of how *not* to liquefy the substance — putting it near a fire or flame — which instruction was not followed. We need not indulge in semantical or technical sophistry to conclude that an electric burner on a stove has the same effect as a "fire or flame."

As to both contentions, Hertron has demonstrated that there are no material facts in dispute and that plaintiff could not recover. Hertron's motion for summary judgment was properly granted.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 8, 1976 — DECIDED OCTOBER 6, 1976.

*Lyons & Reed, William Boyd Lyons,* for appellant.
*Shoob, McLain, Merritt & Lyle, M. David Merritt, Christopher D. Olmstead,* for appellee.