867 F.2d 608
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marysanta Digregory BIGONY, Plaintiff-Appellant,
v.
GOODYEAR TIRE & RUBBER CO.; Ray Carr Tires, Inc.; Friend's
Tire and Fleet Service, Inc., Defendant-Appellee.
 No. 88-2104.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 7, 1988.
Decided: Jan. 24, 1989.
 
 Martin Henry Freeman (Robert K. Jenner, Freeman & Richardson, P.A., on brief), for appellant.
 Michael Thomas Wharton (Edward S. Digges, Jr., Digges, Wharton & Levin, on brief), for appellee.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this product liability action, Marysanta D. Bigony appeals the district court's summary judgment in favor of Goodyear Tire & Rubber Company. Because there remains a genuine issue of material fact, we reverse the judgment and remand for further proceedings.
 
 I.
 
 2
 At the time of her injury, Bigony was a volunteer fire fighter/emergency medical technician for the Bowie Volunteer Fire Department and Rescue Squad in Bowie, Maryland. On July 4, 1984, she responded to an emergency fire call. On the way to the call, as she was standing on the back platform of the fire truck, one of the truck's left rear tires blew out. Bigony was injured by a portion of the tire which wrapped around the platform and struck her left leg.
 
 
 3
 After the accident, the carcass of the tire was returned to the fire station where it was examined by James A. Crouch, another volunteer fire fighter who is also Bigony's expert witness. Crouch determined that the tire's failure was due to ply separation. Several photographs of the tire were taken and the tire was discarded.
 
 
 4
 The tire in question was a Goodyear Unisteel radial, which was produced by Goodyear from 1975 to 1977. Records show that the tire was mounted on the Bowie County fire engine in 1981 and that it had been retreaded. There is no information as to the tire's previous owner or owners, the number of miles it was driven, or by whom or what method it was recapped.
 
 
 5
 Bigony originally brought this action in state court, alleging strict liability and negligence against Goodyear, Ray Carr Tires, a wholesaler, and Friend's Tire and Fleet service, the retailer who mounted the tire on the fire truck. During the course of discovery, both local defendants were dismissed and the case was removed to federal court on diversity grounds. Once in federal court, Bigony dropped her negligence claim and proceeded against Goodyear solely on a strict liability theory. Goodyear moved for summary judgment, maintaining that Bigony had not established a prima facie case of product liability. The trial court granted this motion, and this appeal followed.
 
 II.
 
 6
 Appellant contends that her expert testimony established a prima facie case of strict liability in tort which the trial court improperly resolved by summary judgment. We agree.
 
 
 7
 To recover on her strict liability in tort claim, appellant must prove four essential elements:
 
 
 8
 (1) the product was in a defective condition at the time that it left the possession or control of the seller,
 
 
 9
 (2) that it was unreasonably dangerous to the user or consumer,
 
 
 10
 (3) that the defect was a cause of the injuries, and
 
 
 11
 (4) that the product was expected to and did reach the consumer without substantial change in its condition.
 
 
 12
 Phipps v. General Motors Corp., 278 Md. 337, 344, 363 A.2d 955, 958 (1976).
 
 
 13
 While summary judgment is appropriate only where the moving party has established that no genuine issue of material fact remains, Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985), the movant need not negate every aspect of his opponent's case. For Goodyear to prevail on its motion, all that was required was that it show that appellant had failed to establish one of the elements essential to her case. Celotex v. Catrett, 477 U.S. 317, 322 (1986). In granting the motion, the trial court did not identify precisely which of these elements appellant's case lacked. Our review of the record shows that appellant made a prima facie showing of each.
 
 
 14
 Goodyear does not contest that appellant has established the second and third elements of her case, i.e. it concedes that exploding tires are unreasonably dangerous and that appellant was injured by the tire. Thus, this dispute concerns whether appellant has shown a manufacturer's defect and whether the tire was substantially changed by the time it reached the consumer. We address each in turn.
 
 
 15
 Under cross-examination, appellant's expert, Crouch, opined in his deposition that the blowout was caused by ply separation, which he attributed to Goodyear:
 
 
 16
 Q: Do you attribute the failure to Goodyear as opposed to some other party that might have been in possession of the tire along its chain of custody?
 
 
 17
 A: Yes.
 
 
 18
 Q: In other words, in your view, the condition that ultimately caused the failure is something that existed in the tire as originally manufactured as opposed to something that was done to the tire during its retread or retreads?
 
 
 19
 A: Yes.
 
 
 20
 Not surprisingly, Goodyear's expert testified that his examination of the photographs of the tire led him to conclude that the blowout was not the result of a manufacturer's defect, but was caused by an impact between the tire and some unidentified object. Appellant's expert, Crouch, explicitly rejected this hypothesis. Goodyear contends that this conflict in opinion does not create a genuine issue of fact because Crouch did not identify the specific defect which led to the ply separation.[1] This contention is meritless. It is clear that in product liability actions involving automobile tires, when the specific manufacturing defect is not ascertainable, the defect may be inferred from circumstantial evidence. See Firestone Tire & Rubber Co. v. King, 145 Ga.App. 840, 244 S.E.2d 905 (1978); Gencorp v. Wolfe, 481 So.2d 109 (Fla.App.1985); Smith v. Uniroyal, Inc., 420 F.2d 438 (7th Cir.1970).[2] Thus, this conflict in expert testimony sets up a genuine issue of material fact that must be resolved by the jury.
 
 
 21
 Likewise, it is apparent that appellant has made a prima facie case that the tire was not substantially changed prior to the accident. Goodyear contends that as a matter of law the tire has been substantially changed because of its long and largely unknown use history and because of its prior recapping. While these factors will certainly weigh against appellant in proving her case, they certainly do not constitute substantial change as a matter of law.
 
 
 22
 It is black letter law that, in the context of product liability actions, a substantial change to a product is one that was not reasonably foreseeable by the manufacturer that also caused the defect. 3 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions Sec. 82.10 (4th Ed.1987). Clearly, neither long use nor recapping is a change unforeseeable by a tire manufacturer. In fact, appellant produced Goodyear sales brochures which touted the Unisteel radial as ideal for retreading and stated that by doing so consumers could add "thousands of economical miles ... to the lifetime of the tire." Also, Goodyear's expert testified that the recapping of the tire in no way led to its blowout. Thus, appellant has made a prima facie showing that the tire had not been substantially changed prior to the accident. Finally, we echo the recent admonitions of the Maryland courts that the question of substantial change is one of fact that generally should go to the jury. C & K Lord, Inc. v. Carter, 74 Md.App. 68, 91, 536 A.2d 699, 710 (1988); Banks v. Iron Hustler Corp., 59 Md.App. 408, 475 A.2d 1243 (1984). Such is the case here.
 
 III.
 
 23
 Thus, because appellant has made a prima facie case of strict liability in tort, we find that summary judgment was improvidently rendered against her. Therefore, we reverse the district court's judgment and remand this case for further proceedings consistent with this opinion.
 
 
 24
 REVERSED AND REMANDED.
 
 
 
 [1]
 Apparently, the district court granted summary judgment because Crouch could point to no negligent act on Goodyear's part that led to the alleged defect. However, in strict liability tort actions, negligence on the part of the manufacturer is irrelevant. Rather, the focus of the claim is on the product and whether it is unreasonably dangerous. Werner v. UpJohn Co., 628 F.2d 848, 858 (4th Cir.1980)
 
 
 [2]
 Goodyear's argument that the extreme age and unknown use history of this tire preclude a "general defect" theory of proof by circumstantial evidence is mistaken. These factors certainly weigh strongly against appellant in her attempt to establish a defect, however, they do not prevent her from trying. See Stewart v. Ford Motor Co., 533 F.2d 130, 139 (D.C.Cir.1977); Hall v. General Motors Corp., 647 F.2d 175, 178 (D.C.Cir.1980) (newness of product leads to inference of manufacturer defect)